154 So. 618

McKISSON v. McKISSON.

No. 30765.

March 26, 1934.

Melvin P. Barre, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

ROGERS, Justice.

Miss Pearl Huddleston and Clyde A. McKisson were married at Poplarville, Miss., on June 22, 1909. The parties subsequently removed to this state, establishing the matrimonial domicile in the parish of St. Charles. On February 23, 1926, Clyde A. McKisson left the matrimonial domicile, and on November 12, 1927, obtained a judgment of divorce in the district court at Houston, Tex.

On February 13, 1928, alleging that her husband was a resident of New Orleans, Mrs. Pearl M. McKisson brought suit in the civil district court for the parish of Orleans for the annulment of the divorce and for a separation of property. Plaintiff alleged that in the petition for the divorce her husband falsely alleged he was a resident of Texas and that he did not know plaintiff's address, that the proceeding was carried on with an attorney ad litem appointed to represent petitioner, and petitioner was wholly unaware of the proceeding until the month of December, 1927. Plaintiff further alleged that, owing to the disorder of her husband's affairs, she feared her paraphernal property and future earnings and gains from her own industry and talents, as well as other property she might acquire by inheritance or donation, might be exposed to seizure by her husband's creditors; that she could secure credit and conduct a separate business and is entitled, in order to protect her interests, to a separation of property from that of her husband and a dissolution of a matrimonial community.

Defendant was not cited until May 11, 1929, more than a year after the suit was filed. He excepted to the jurisdiction of the court ratione materiæ and ratione personæ. This exception was overruled. Defendant then filed an exception of no right or cause of action, and, in the alternative, a plea of prescription. Without passing on the exception, the court below maintained the plea of prescription and dismissed the suit. Plaintiff appealed, and defendant answered the appeal, praying that, if the judgment on the plea of prescription be not affirmed, the ruling on the exception to the jurisdiction be reversed and plaintiff's suit be dismissed.

The record discloses that the exception to the jurisdiction and the plea of prescription were disposed of in the court below on the face of the papers. The ruling of the trial judge on the exception to the jurisdiction ratione personæ was clearly correct, because the petition expressly alleged the defendant was a resident of New Orleans and within the jurisdiction of the civil district court. But we do not think the same thing can be said of his rulings on the exception to the jurisdiction ratione materiæ and on the plea of prescription.

Defendant predicated his exception to the jurisdiction ratione materiæ on his contention that the civil district court for the parish of New Orleans is without author-

ity to annul the judgment of the district court of Harris county, Tex. And defendant cites articles 608, 609, and 616 of the Code of Practice in support of his contention. The codal articles regulate proceedings in the courts of Louisiana, and they provide, in substance, that a judgment may be annulled only by the court in which it was rendered. If in this state only the court which rendered a judgment has jurisdiction to annul that judgment, we fail to see how the civil district court for the parish of Orleans can annul the judgment rendered by the district court of Harris county, Tex. As a matter of fact, it cannot do so. A court of one state has no authority to vacate or to annul the judgment of a court of another state or country. 15 C. J. § 662, p. 1184.

The case is not one in which defendant is seeking to enforce in this state the judgment obtained by him in the state of Texas, nor is it one in which the judgment is set up as a defense to the plaintiff's demand. Hence we do not think we are called upon at this time to decide whether the judgment of the Texas court is entitled to the protection of the full faith and credit clauses of the Federal Constitution (article 4, § 1), or whether it is without force or effect in this state as to plaintiff or her matrimonial status. The only question for decision presently before the court is whether the civil district court for the parish of Orleans has jurisdiction to annul the judgment of the district court at Houston, Tex., and our conclusion is that it has not such jurisdiction.

■ In support of his plea of prescription, defendant invokes article 613 of the Code of Practice, providing that an action to annul a judgment for fraud must be brought within the year of its discovery. And defendant contends that plaintiff's action is prescribed, because more than a year elapsed between the date the suit was filed and the date he was cited. But the codal article is only one of a series of interrelated rules laid down by the Legislature for the prosecution of suits in this state. The article appears in the second part of the Code of Practice (1932) under title 1, chapter 5 (article 556 et seq.), beginning at page 290, treating "Of the mode in which definitive judgments may be revised, modified or reversed." Section 3 of title 1 of part 2, beginning at article 604, page 343, of the Code, relates to the "Nullity of judgments." Article 613 is the last article embraced within that section. Article 608 provides that the nullity of judgment is only demandable in the court by which it was rendered. Article 610 provides that the nullity must be demanded by petition in the court rendering it. Article 612 declares that the judgment of a court without jurisdiction ratione materiæ is a nullity which may be raised at any time. And article 613 provides that the action to annul for fraud must be brought within one year from its discovery. Since a Louisiana court has not jurisdiction to annul a judgment of a Texas court, the local court clearly has no authority to adjudicate upon a plea of prescription interposed to a suit for the annulment of a judgment rendered by a court of its sister state.

■ Plaintiff contends that her suit is essentially one for a separation of property, and that her claim for the nullity of the judg-

ment of the Texas court is merely collateral. However that may be, it would seem to be plain that the exclusion from plaintiff's suit of her claim for the nullity of the judgment leaves intact her demand for a separation of property. We think she is entitled to be heard on that phase of her suit subject to such defenses as the defendant may see fit to urge, including his exception of no cause of action which is not presently before this court, not having been passed upon in the district court.

For the reasons assigned, the judgment of the court below overruling the exceptions to the jurisdiction ratione personæ is affirmed; the judgment maintaining defendant's plea of prescription is annulled, and the plea is now overruled; the judgment overruling the exception to the jurisdiction ratione materiæ is reversed; and it is now ordered that the exception be sustained so far as it applies to plaintiff's demand for the nullity of the judgment of divorce, and her demand to that extent is rejected. It is further ordered that the case be remanded to the district court for further proceedings consistent with the views herein expressed. Costs of this appeal to be equally divided between the parties; all other costs to await the termination of the suit.

ST. PAUL, J., absent.

O'NIELL, Chief Justice (concurring in the decree, except in so far as it sustains the defendant's exception to the jurisdiction of the court ratione materiæ).

The impression that I have of this case is that it is merely a suit for a decree of separation of property, or dissolution of the matrimonial community. The plaintiff's allegation that her husband had obtained a judgment of divorce in Texas, and that the judgment was null because rendered by a court that did not have jurisdiction and without citation, was an appropriate allegation, because, if the judgment of divorce is valid, the matrimonial community is already dissolved, and the plaintiff therefore has no right of action—and in fact there is no need for an action—for separation of property or dissolution of the community.

I concede that the plaintiff in this suit might have set forth a right of action, for a separation of property, without alleging that her husband had obtained a judgment of divorce in Texas; but, if in fact such a judgment was rendered, the plaintiff was justified in anticipating that the judgment of divorce would be set up as a plea in bar of her demand for a separation of property. She was right, therefore, in pleading the nullity of the judgment of divorce and in making the allegations necessary to sustain the plea in her original petition, if in fact the judgment is null.

Of course, a Louisiana court has not jurisdiction to annul a judgment of divorce rendered by a Texas court, if the Texas court had jurisdiction to render the judgment and if the party against whom it was rendered was cited according to the laws of Texas, or appeared in the Texas court in defense of the suit. But the plaintiff in this case is not suing to annul the judgment of divorce rendered by the Texas court. She is merely alleging and praying that the judgment of divorce should be decreed null ab initio because, as she alleges, it was rendered by a

court that did not have jurisdiction, and in a proceeding in which she was not cited, and had no opportunity to be heard. Such a judgment is absolutely null; and the nullity may be invoked successfully in any court of justice, by any one having a substantial interest in the matter. Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Evans v. Evans, 166 La. 145, 116 So. 831.

I concur in the overruling of the defendant's exception to the jurisdiction ratione personæ, in this case, because the plaintiff alleged that the defendant was then residing in New Orleans, and he offered no evidence to support his exception to the jurisdiction of the court.

I concur in the decree overruling the defendant's plea of prescription, but not in the reason given for overruling the plea—that the judge did not have jurisdiction to decide the question of prescription. The reason why the plea of prescription is not applicable to this case is stated in article 606 of the Code of Practice, and is repeated in article 612, viz.: "The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, * * * may be demanded at any time," etc.

But I respectfully submit that it will be futile to remand this case to the civil district court for further proceedings if this court adheres to the decree sustaining the defendant's exception to the jurisdiction of the court ratione materiæ, "so far as it applies to plaintiff's demand for the nullity of the judgment of divorce," and if we reject her demand to that extent.