522 So.2d 1177 (1988)
PAN AM WORLD SERVICES, INC.
v.
Edward A. ABDELL.
No. CA-8567.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1178 W. Clay McGehee, New Orleans, for plaintiff-appellee.
Louis H. Schultz, Metairie, for defendant-appellant.
Before GARRISON, LOBRANO and WILLIAMS, JJ.
GARRISON, Judge.
This is an appeal from a January 26, 1987 judgment of the Civil District Court, Parish of Orleans, making a foreign judgment executory under the Uniform Enforcement of Foreign Judgments Act as enacted in Louisiana at R.S. 13:4241 et seq. The specific foreign judgment sought to be made executory is an "Agreed[1] Judgment" issued by the Circuit Court of Hancock County, Mississippi in Case No. 9232 Pan Am World Services, Inc. v. Edward A. Abdell. The "Agreed Judgment" dated January 15, 1986 was signed first by Circuit Court Judge G. Ruble Griffin and then by Pan Am World Services, Inc. through its counsel and finally by Edward A. Abdell, unrepresented. The judgment grants damages in the amount of $11,374.57 from Abdell as a result of a contract for services and labor to be supplied to Pan Am in conjunction with a contract to be performed at the National Space Technology Laboratories in Hancock County, Mississippi.
From the Civil District Court judgment, defendant Edward Abdell appeals. On appeal and apparently for the first time represented by counsel, defendant makes a two-fold argument:
1. The Agreed Judgment rendered by the Mississippi Court is an absolute nullity because it was obtained by fraud and ill practices against a defendant who was never served with process and who had not entered a general appearance;

AND
2. Inasmuch as the foreign judgment is an absolute nullity, the Orleans Parish judgment making the Mississippi judgment executory is also an absolute nullity and should therefore be reversed.
In the instant case counsel for defendant argues that he signed two documents a "Waiver of Process, Entry of Appearance and Joinder in Prayer" and an "Agreed Judgment" under duress resulting from the trickery and threats of plaintiff and that defendant was never served with the petition in the Hancock County suit. Defendant seeks to have this Court declare the Mississippi "Agreed Judgment" an absolute nullity. This we cannot do as it is beyond the jursidiction of this Court.
C.C.P.Art. 2006 provides that an action to annul "... must be brought in the trial court...." Although the article does not expressly state "in the trial court which rendered the judgment" our jurisprudence has consistently so held. This follows the rule of Art. 608 Section 3 Title I of Part 2 of the Code of Practice of 1923. That Article provided that the nullity of judgment was demandable only in the court by which the judgment was rendered. In the case of foreign judgments, a Louisiana *1179 court is powerless to nullify a judgment of her sister states. McKisson v. McKisson, 179 La. 593, 154 So. 618 (La., 1934); Navarette v. Joseph Laughlin, Inc., 20 So.2d 313 (La.App., 1944); Swain v. Swain, 339 So.2d 453 (La.App. 1st, 1976). In order to nullify the Mississippi judgment on the grounds of fraud and ill practices, defendant must file a suit to annul in the Circuit Court of Hancock County, Mississippi. Should defendant file such a suit in Mississippi, then the execution of judgment in Louisiana could be stayed as provided in R.S. 13:4242.
Having so concluded, the second half of defendant's argument need not be addressed except to note that the two mail notices sent to defendant as required under R.S. 13:4242 were sent to addresses not that of the defendant. Thus it appears that the defendant did not get notice of the petition to enforce the foreign judgment until after the C.D.C. judgment was granted, thus denying defendant the opportunity to a contradictory hearing as allowed under R.S. 13:4244. Defendant was eventually served by Jefferson Parish Deputy R. Areaux on February 5 with a copy of the CDC judgment and again on February 12 by Areaux with a subpoena, subpoena duces tecum and a notice of deposition called for the same day two and a half hours after the duces tecum was served. It appears that the Areaux services were made at Mr. Abdell's business address3101 W. Napoleon Avenue, Suite 108, Metairie. The mail notices were sent to addresses on General DeGaulle Drive in Algiers and to Sawmill Road in Harahan. In his brief Abdell states that he has never resided at either address and that he has been continuously domiciled at 1904 Persimmon Street, Metairie in Jefferson Parish.
R.S. 13:4243 provides for the mailing of a petition to enforce a foreign judgment in lieu of service by the sheriff. We have no disagreement with this procedure except in instances where there is no proof of receipt of the notice by the judgment debtor. Procedural due process requires he be notified of the action against him. Notification by mail is sufficient but only where it is shown that he actually received the notice. Mere mailing to a supposed address is not sufficient.
Because defendant could not have received notice of the Petition to make the Foreign Judgment Executory, he was denied procedural due process. Accordingly, the judgment of the Orleans Civil District Court is reversed on those grounds.
REVERSED.
WILLIAMS, Judge concurs.
There may be certain circumstances where procedural due process would be satisfied even if the judgment debtor has not actually received notice when the judgment creditor has complied with the provisions of R.S. 13:4243.
NOTES
[1] Similar to a Consent Judgement in Louisiana.