WICKER, Judge.
This appeal arises from a judgment granting full faith and credit to a judgment of default rendered in Dallas County, Texas. The default judgment was rendered in favor of plaintiff/appellee, Dodge & Ringer, a Professional Corporation, against defendants/appellants, Luis Salazar, Luis Foreign Cars, Inc. and Salazar Motors-ports, Inc. Appellants filed a motion to stay the enforcement of the Texas judgment on the basis they never received notice of the suit. Enforcement of the judgment was stayed pending the hearing on the motion. The trial judge denied the motion and granted the enforcement of the Texas judgment. We affirm.
Appellants specify the following error(s):
1. The trial court erred when it granted the plaintiff’s motion to strike defendant-appellants’ answer which denied appellants the opportunity to raise defenses which were available to them insofar as such defenses are permitted by law, e.g. payment and/or compromise, and
2. The trial court erred when it denied defendant-appellants’ motion to stay the enforcement of the Foreign Judgment from Texas when the said judgment was not based on valid service, notice to appellants, or jurisdiction. Furthermore, the trial court erred when it ruled that these issues could not be raised or contested by appellants in the enforcement proceeding, that the enforcement proceeding was limited to the “face of the record,” and that Louisiana Courts could not inquire into the validity of a Texas proceeding.
Article IV, Section 1 of the U.S. Constitution provides:
Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other *1359 State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
A concise summary of Louisiana law relating to the effect of foreign judgments can be seen in State v. Wenzel, 185 La. 808, 171 So. 38 (1936):
“Records and proceedings of courts of other states are entitled to full faith and credit only in so far as such courts have jurisdiction of subject-matter and parties, and facts necessary to give jurisdiction to court rendering decree * * * may be inquired into (Const.U.S. art. 4, Section 1).” [quoting Hopkins v. Hopkins, 174 Miss. 643, 165 So. 414 (Miss.1936) at 414.]
Furthermore, “[t]he burden of undermining the verity of the [foreign] decree rests heavily upon the assailants.” Navarrette v. Laughlin, et al, 209 La. 417, 24 So.2d 672, 674 (1946).
The “Enforcement of Foreign Judgments Act,” is contained in La.R.S. 13:4241 to 13:4247. It provides a uniform statutory method for enforcing foreign judgments. La.R.S. 13:4241 defines a “foreign judgment” as “any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.”
The procedure for enforcement of a foreign judgment is outlined in La.R.S. 13:4242 and La.R.S. 13:4243 as follows:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.'
La.R.S. 13:4242.
La.R.S. 13:4243 provides:
A.At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.
DEFENSES OF PAYMENT AND/OR COMPROMISE
Appellants contend it was error for the trial court to strike their answer to the petition to enforce the foreign judgment. They assert the defenses of payment and/or compromise which were raised in the answer could be asserted in Louisiana rather than solely in Texas. We disagree.
In McMillan v. Noble, 538 So.2d 714, 716 (La.App. 4th Cir.1989) writ denied 543 So.2d 19 (La.1989) our brothers in the Fourth Circuit held:
Under the U.S. Constitution, Article 4, Section 1, a court in Louisiana must give full faith and credit within this state to a judgment of a Court in a sister state unless the court in the foreign forum lacked jurisdiction. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), rehearing denied 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941). Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir.1976). This rule is so well established that in a suit for the recognition of a foreign judgment, the only issue in the *1360 foreign proceeding which a Louisiana court may review is the question of the foreign court’s jurisdiction over the parties. Rice v. Kliebert, 330 So.2d 374 (La.App. 4th Cir.1976). The relevant law to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. Fountain v. Fountain, 365 So.2d 1139 (La.App. 3rd Cir.1978). [Emphasis added].
Therefore, the trial court’s inquiry was limited to whether Texas had jurisdiction over the parties. Milliken, supra. In making that determination it had to look to Texas law. Milliken, supra.
JURISDICTION: MINIMUM CONTACTS
Appellees argue appellants raise for the first time on appeal the issue of whether there was sufficient minimum contact between the appellants and the state of Texas to satisfy the “Due Process Clause of the Fourteenth Amendment.” Appellants contend the only contact had with the state of Texas was the hiring of a lawyer in Texas.
We have held:
As an appellate court, we are authorized by LSA-C.C.P. Art. 2164 to render any judgment which is just and proper on the record, but this authority does not extend to our consideration on appeal of defenses which are required to be pleaded below and which may not be pleaded here. Young v. Warner, 283 So.2d 547 (La.App. 1st Cir.1973).
Gulf Shipping Co. v. McQuilling, 430 So.2d 1322, 1325 (La.App. 5th Cir.1983).
While in this case appellants do not seek to raise an affirmative defense as in Gulf Shipping Co., nevertheless, we hold the same rationale applies to their raising an issue not addressed by the trial court. We therefore adopt the reasoning of the court in Buhler v. Villec, 117 So.2d 286, 289-290 (La.App.Orl.1960) wherein the court stated:
this claim is also without merit. It was not even asserted by the defendant in the lower court and in consequence thereof, no facts pertaining thereto were offered in evidence in the court of original jurisdiction. Therefore, we are unable to consider this matter on appeal.
We note that during oral argument in the trial court appellants’ counsel mentioned “the only reason Mr. Salazar is a party is because he was sued by his lawyer” and that therefore substituted service was improper. Thus, counsel seemed to raise the issue of “minimum contacts” with regard to Mr. Salazar. Nevertheless, even if properly raised below, the proper remedy since the Texas judgment recites proper jurisdiction over the defendants is a bill of review.
Appellants must file a bill of review in the court of rendition. Joiner v. Vasquez, 632 S.W.2d 755, 757 (Tex.Civ.App.-Dallas 1981, writ ref. n.r.e.), cert. den., 464 U.S. 981, 104 S.Ct. 422, 78 L.Ed.2d 357 (1983). At that point the execution of the Texas judgment could be stayed in accordance with La.R.S. 13:4242. Pan Am World Services, Inc. v. Abdell, 522 So.2d 1177 (La.App. 4th Cir.1988).
JURISDICTION: NOTICE, CITATION, SERVICE
Appellants argue the Texas default judgment was taken without proper notice, citation or service so as to satisfy the requirements of the Texas Long Arm Statute, Texas Code Annotated C.P. & R. Sections 17.044 and 17.045. Section 17.044 provides for substituted service on the secretary of state as follows:
(a) The secretary of state is an agent for service of process or complaint on a nonresident who:
(1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process;
(2) has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent; or
(3) is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction.
*1361 (b)The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.
Section 17.045 further provides:
(a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident’s home or home office and shall immediately mail a copy of the process to the nonresident.
(b) If the secretary of state is served with process under Section 17.044(a)(3), he shall immediately mail a copy of the process to the nonresident (if an individual), to the person in charge of the nonresident’s business, or to a corporate officer (if the nonresident is a corporation).
(c) If the person in charge of a nonresident’s business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately mailed to the nonresident or the nonresident’s principal place of business.
(d) The process or notice must be sent by registered mail or by certified mail, return receipt requested.
Appellants argued below and now on appeal that they never received any notice of the pending Texas lawsuit and that pursuant to La.R.S. 13:4244(B) the trial court had authority to stay the execution of that judgment for lack of jurisdiction. The trial judge denied the stay and stated:
The Court is of the opinion that the Texas law was complied with granting jurisdiction to the plaintiff in this matter. And this Court believes that it cannot go any further than that. The Court believes that the record in this case indicates that Texas state law was complied with and this Court, not being able to go any further, will lift the stay order. Mr. Allen, if you choose to file a Bill of Review in the Texas court or give me any indication that the proceedings are being contested in Texas, then the Court will gladly reenter its stay order pending the outcome of that proceeding in Texas.
We find no error in the trial court’s conclusion. Appellants argued in the trial court that the signature “Muriel Lopez” on the card indicating receipt of the certified mail from the Texas secretary of state was the signature of his baby-sitter who did not reside at the address.
In Bonewitz v. Bonewitz, 726 S.W.2d 227, 230-231 (Tex.App.-Austin 1987) the court held:
The Texas Rules of Civil Procedure are relevant only in determining whether the Secretary of State was properly served. Once the Secretary of State has been properly served, the long-arm statute determines the procedure to be used by the Secretary of State in forwarding citation to the nonresident defendant. The long-arm statute does not require that delivery be restricted to the defendant. It merely requires that service be sent by registered or certified mail, return receipt requested, and this was done. Had the legislature intended to require restricted delivery, it could easily have done so by incorporating such a provision into the statute as was done in Tex.R. Civ.P. 106(a)(2). The Supreme Court, furthermore, has recently stated that, absent fraud or mistake, the Secretary of State’s certificate is conclusive evidence that the Secretary of State, as agent for the nonresident defendant, received service of process for the defendant and forwarded the service as required by the statute. Capitol Brick, Inc. v. Fleming Manufacturing Co., Inc., [722 S.W.2d 399 (Tex.1986) ].
Therefore, under Texas law delivery does not have to be restricted to the defendant. Bonewitz, supra.
Furthermore, the Texas judgment in this case stated in pertinent part:
The Court having examined the pleadings, the citation of the Secretary of State’s return, which has been on file with the Clerk of this Court for more than ten (10) days exclusive of the date of filing and of this date; and the Court being satisfied there exists venue in this *1362 cause of action and that the Court has jurisdiction over the Defendants as set forth in Plaintiffs Original Petition ...
The Texas Supreme Court has held: Absent fraud or mistake, the Secretary of State’s certificate is conclusive evidence that the Secretary of State, as agent ... received service of process ... and forwarded the service as required by the statute.
Capitol Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex.1986).
Under Texas law, the judgment which recites proper service in accordance with Texas law can only be attacked by a bill of review in a direct proceeding in the court rendering that judgment. Joiner, supra.
Accordingly, for the reasons stated the trial court judgment is affirmed at appellants’ cost.
AFFIRMED.