570 So.2d 179 (1990)
STATE of Louisiana and Carol Wright
v.
Harold J. KUEHLEWIND.
No. 90-CA-381.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Writ Denied January 31, 1991.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Gaynell Williams, Jamie Veverica, Asst. Dist. Attys., Parish of Jefferson, Gretna, for plaintiff-appellee State of La.
George Recile, New Orleans, for defendant-appellant Harold J. Kuehlewind.
*180 Before KLIEBERT, GRISBAUM and WICKER, JJ.
KLIEBERT, Judge.
This suit for support was initiated under the Uniform Reciprocal Enforcement of Support Act, LSA-R.S. 13:1641 et seq. (URESA) by the Texas Attorney General on behalf of Carol Wright and her minor son, Jeremy Kim Fagg, both presently residents of Texas.
Although the parties were never married, the petition alleged the child was born to Carol Wright out of wedlock and that Harold Kuehlewind, a resident of Jefferson Parish, was the biological father of the child. Attached to the petition were: (1) a paternity affidavit executed before a Texas notary by the child's mother, (2) a certificate executed by the presiding judge of the District Court of Harris County, Texas attesting to the fact a petition for support was pending against Kuehlewind under the Texas URESA, and that on examination "the petition set forth facts from which it may be determined that the defendant (Kuehlewind) owes the duty of support to the child ... [and] in the opinion of the judge the respondent should be compelled to answer the petition" and (3) the testimony of the mother testifying to her requirements for support of the child given and sworn to before a notary public.
After service of the petition and attachments on the defendant, he filed an answer denying all allegations except as to his residency. The answer additionally stated "Defendant further contests the results of the blood tests which were performed in connection with this case." A letter asserting the same was also mailed to the state. Whether based on this answer alone or in combination with a personal appearance of the defendant before the hearing officer is not clear, however, it is clear the hearing officer stated: "... defendant appeared and denied paternity. Blood work to be ordered. IV.D to contact Texas to set up." The defendant acquiesced in this recommendation.
On motion of the district attorney the case was initially set for August 14, 1989. According to the minute entry for that day, the case was "continued at the request of counsel for the defendant in order to have new blood tests performed ..." and reset for hearing on October 16, 1989. At the trial defendant strenuously objected to the introduction or mention of either the paternity affidavit of the mother, the blood test results, or the testimony before the notary relative to need. The trial judge permitted the introduction of the blood test results but refused to admit the testimony of the mother relative to need given before a notary public in Texas.
Kuehlewind, called by the state as an adverse witness under cross-examination, admitted knowing, living with, and having sexual relations with Carol Wright. He conceded that she had become pregnant and a full term baby had been born while they resided together. Additionally, he admitted going to the hospital to see her and the child, had taken them home, and had told people Jeremy was his son and he had sent support payments to Carol Wright. Also, he admitted that pictures introduced into evidence by the state showed him with the little boy, and that Kim, the boy's middle name, was his nickname.
At the conclusion of the hearing the trial court decreed that "... Harold Kuehlewind is the biological father of the minor child, Jeremy Kim Fagg." It was further ordered and decreed that "... the URESA proceeding be dismissed without prejudice, reserving to the complainant the right to re-institute the support component of this matter while affording due process notice of taking of her sworn testimony to the respondent."
On appeal[1] defendant contends in his first assignment of error "... the trial *181 court erred in rendering judgment on the issue of paternity having dismissed the URESA action." We disagree. Considering the provisions of LSA-R.S. 13:1681,[2] the trial judge correctly concluded that since paternity had been put at issue, he was obliged to adjudicate the question.
In assignments of error number 2, 3, 4, 5, 6, 7, and 8 defendant appellant contends that: 2) the blood tests were not conducted by a court-appointed expert; 3) there was no expert designated to conduct the tests, and it is not apparent on the report who conducted the test; 4) the proper predicate was not provided to assure that the chain of custody of blood samples requirements as set forth in the Uniform Act On Blood Tests to Determine Paternity were met; 5) the written report of the blood testing was not certified by a sworn affidavit of an expert who supervised the tests as required by the Uniform Act On Blood Tests To Determine Paternity; 6) there was no hearing concerning the testing procedure although there was a timely challenge made as required by the Uniform Act On Blood Tests To Determine Paternity; 7) the experts who made the report could not be summoned by Kuehlewind for cross-examination; and 8) paternity was not proven by a preponderance of the evidence.
The trial judge observed that these or similar contentions had been considered and rejected by the First Circuit Court of Appeal in State In Interest of Bankston v. Davis, 521 So.2d 575 (1st Cir.1988). Consequently, he concluded the objections were meritless. For the reasons stated by the First Circuit in the Davis case, supra, we agree with the trial judge's conclusion.
Moreover, although the record here does not contain a specific order appointing Roche Biomedical Laboratories, Inc. to perform the tests, we note that the defendant acquiesced in the hearing officer's request to have blood work performed and, according to the minute entry of August 16, 1989, the case was continued at the request of the defendant to have new blood work performed. Further, the defendant's assertion in his answer that "he contests the results of the blood test" as well as his letter of May 9, 1989 is, as concluded by the trial judge, a denial of paternity rather than a contention the tests were improperly performed or there was a defect in the chain of custody. Apparently, the defendant had copies of the test results and had ample opportunity to depose or subpoena the persons performing the tests or certifying as to the chain of custody.
In his final assignment of error Kuehlewind maintains that the blood test evidence admitted at the present trial violated Kuehlewind's constitutional rights against self-incrimination. The argument is without merit. It is well established that the privilege against self-incrimination extends only to testimonial evidence, and does not prohibit the use of physical properties of a person, such as his voice, blood, height, etc., being used against him. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
For the reasons stated therefore we agree with the trial court's ruling admitting the tests in evidence as well as his ruling decreeing the defendant to be the biological father of the child. Although we agree with the trial court's ruling denying admission of the support affidavit, after considering LSA-R.S. 13:1674,[3] we believe *182 that rather than dismissing the suit, the case should be held open and the state given an opportunity to submit evidence proving the child's needs. Accordingly, we amend the court's ruling to set aside its order of dismissal and direct the trial court to grant the state a reasonable time in which to produce admissible evidence as to the child's needs.
Accordingly, we set aside the court's order dismissing the suit and remand the case to the trial court for it to proceed in accordance with the instructions above stated.
SET ASIDE AND REMANDED.
NOTES
[1] The record contains an undecided (apparently continued without date on June 26, 1990 pending a ruling in this appeal) motion for a new trial filed by the state. As the motion for a new trial remains outstanding the appeal is premature and subject to dismissal. [See Petitto v. McMichael, 552 So.2d 790 (1st Cir.1989)]. However due to the prior delays, the nature of the case, social remedies sought to be corrected by the applicable statutes, the desire to encourage appeals and decide cases on their merits rather than on procedural defects, out of judicial economy and expediency, we consider the motion as one to have the proceedings remain open and therefore do address the issues.
[2] LSA-R.S. 13:1681 provides as follows:

"If the obligor asserts as a defense that he is not the father of the child for whom support is sought, and it appears to the court that the defense is not frivolous, the court shall order the alleged father to submit to a blood test conducted under the provisions of R.S. 9:396 through R.S. 9:398. If the tests are performed pursuant to those provisions and if there is corroborating testimony under the provisions of this Part, the court shall adjudicate the paternity issue. Otherwise, the court may adjourn the hearing until the paternity issue has been adjudicated."
[3] LSA-R.S. 13:1674 provides as follows:

"If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense, the court, upon request of either party, shall continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken."