LeBLANC, Judge.
This is an appeal by the State of Louisiana from a trial court judgment dismissing a Uniform Reciprocal Enforcement of Support Act action for lack of proof of paternity. We set aside and remand.
FACTS
On April 26, 1983, Yasmin Westinghouse assigned to the state of Florida any and all rights to any child support owed to her for the benefit of Monique Westinghouse, date of birth October 5, 1978. Joseph Michael Bethune was adjudged by default, on February 5, 1988, to be the legal and natural father of Monique, and on April 22, 1988, an order of support was signed. The order of support decreed past due support in arrears in the amount of $7743.37 and ordered Bethune to pay $210.00 each month, to be disbursed as follows: $180.00 for support, $26.00 for past support and a $4.00 clerk’s fee.
The State of Louisiana filed a rule to show cause seeking enforcement of the Florida support order under the Uniform Reciprocal Enforcement of Support Act, (URESA), La.R.S. 13:1641 et seq. At the hearing on the rule, Bethune denied paternity. After additional documentation was received from Florida, another hearing was held at which Bethune again denied paternity. The trial judge rendered judgment in favor of Bethune, dismissing the action for lack of proof of paternity. The State of Louisiana appealed, assigning as error: (1) the trial court’s failure to give full faith and credit to the final judgment of paternity by Florida, and (2) the trial court’s dismissal of the URESA action seeking enforcement of the Florida support order.
*1047 LAW
Under the U.S. Constitution, Article IV, Section 1, a court in Louisiana must give full faith and credit to a judgment of a court in a sister state. A state may deny full faith and credit to a judgment rendered by a court of another state only when it is shown that the court which rendered the judgment lacked jurisdiction over the parties or the subject matter. Ault v. Bradley, 564 So.2d 374, 377 (La.App. 1st Cir.), writ denied, 569 So.2d 967 (1990). There are jurisprudential exceptions to this rule, as where a foreign judgment is obtained through extrinsic fraud. The full faith and credit clause does not require recognition of that judgment. See, Joseph R. Keenan Co. v. White House Apartments, 517 So.2d 1141, 1144 (La.App. 5th Cir.1987), writ denied, 520 So.2d 750 (1988).
In the instant case, the proceedings filed in Louisiana were filed pursuant to URE-SA, La.R.S. 13:1641 et seq., which provides reciprocal legislation for the enforcement of duties of support. The uniform legislation provides a statutory scheme for criminal and civil enforcement of support orders and for registration of foreign support orders. Pursuant to the act, Florida, as the initiating state, has express duties for seeking enforcement under URESA. La.R.S. 13:1668 and 13:1683. Likewise, Louisiana, as the responding state, has express duties and powers. La.R.S. 13:1672, 13:1673, 13:1679, 13:1680, and 13:1682. This uniform statutory scheme provides for consistent enforcement of support orders between states.
La.R.S. 13:1681 provided, at the time the order of support was rendered in Florida:
If the obligor asserts as a defense that he is not the father of the child for whom support is sought, and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. Otherwise, the court may adjourn the hearing until the paternity issue had been adjudicated.[1]
DISCUSSION
The state argues the trial court erred in failing to give full faith and credit to the judgment of the State of Florida. Applying the provisions of R.S. 13:1681, once paternity had been put at issue, the trial court was obligated to determine if the defense was frivolous, and if not, to adjudicate the question or adjourn until the issue was adjudicated.
The trial court did not expressly determine if the defense appeared frivolous. However, the oral reasons do state recognition of Bethune’s denial of paternity and the trial court’s question of proof. In his oral reasons, the trial judge stated:
My reason is there’s not adequate proof shown to this Court since paternity has been denied in this court. There’s no proof to show that there was actual paternity other than the fact that there’s a judgment to that affect [sic]. The man did not appear. He never made an appearance. There was never a blood test run. They don’t list any of the testimony or what testimony there may have been. I have no idea. I don’t know.
It appears to this court that the judge did not consider the defense frivolous[2]. *1048 Therefore, he was then obligated to proceed under the provisions of R.S. 13:1681, if both parties were present or their presence was not necessary, to adjudicate the paternity issue. State v. Kuehlewind, 570 So.2d 179, 181 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1134 (La.1991). Otherwise, he was to adjourn the hearing until the paternity issue was adjudicated.
It was not error by the trial court to fail to enforce the Florida support order once paternity was put at issue. The act clearly recognizes the raising of a paternity defense. However, if raised, the trial court in the responding state is limited in its reaction. It must determine if the defense is frivolous. If the judge determines that the defense is frivolous, then he is to proceed with the enforcement of the support order, according to the act. If not, the trial court must adjudicate paternity or adjourn. In either instance, the trial court is not authorized to dismiss the action. Therefore, we set aside the court’s ruling dismissing this action and order the trial court to determine if the paternity defense is frivolous, and if not, to adjudicate the paternity issue or adjourn until the paternity issue has been adjudicated.
Accordingly, we set aside the judgment of the trial court dismissing the URESA action and remand the case to the trial court for further proceedings. Costs of this appeal are assessed against the defendant.
SET ASIDE AND REMANDED WITH ORDER.

. This section was amended by Acts 1988, No. 297, § 1, effective September 9, 1988, to read as follows:
If the obligor asserts as a defense that he is not the father of the child for whom support is sought, and it appears to the court that the defense is not frivolous, the court shall order the alleged father to submit to a blood test conducted under the provisions of R.S. 9:396 through R.S. 9:398. If the tests are preformed pursuant to those provisions and if there is corroborating testimony under the provisions of this Part, the court shall adjudicate the paternity issue. Otherwise, the court may adjourn the hearing until the paternity issue has been adjudicated.
This amendment now provides specific authority for the court to order a blood test for adjudication of the paternity issue in proceedings under URESA.

. Neither party argues the trial judge failed to determine if the defense was frivolous, or if that decision was correct, and we do not address these issues. However, we do agree with the state’s argument that, save specific jurispruden *1048 tial exceptions, the full faith and credit clause requires recognition of a valid judgment from a sister state.