666 So.2d 1234 (1996)
WELLTECH, INC.
v.
Peter J. ABADIE, Jr., B. Wayne Summers and Robert A. Parma.
No. 95-CA-620.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1996.
Rehearing Denied February 16, 1996.
*1235 John E. Seago and Peter G. Carmichael, Waguespack, Seago & Carmichael, Baton Rouge, for Defendant/Appellant, Peter J. Abadie, Jr.
David C. Loeb and Daniel E. Zelenka, II, Molaison, Price & Loeb, Gretna, for Plaintiff/Appellee, WellTech, Inc.
Before BOWES and DUFRESNE, JJ., and REMY CHIASSON, J. Pro Tem.
BOWES, Judge.
Peter J. Abadie, Jr. appeals to this Court from a judgment of the Twenty-Fourth Judicial District Court which refused to stay the enforcement here of a judgment emanating from a Texas court rendered against him in Texas. We affirm the decision of the trial court denying a stay of the Texas judgment.

FACTS
WellTech, plaintiff herein, filed suit in Texas against Peter J. Abadie, appellant herein, B. Wayne Summers and Robert A. Parma, seeking rescission of a stock purchase agreement under the Texas Securities Act. After a three day judge trial, the Texas court granted judgment in favor of WellTech, Inc. and against Abadie and his co-defendants, jointly and severally, in the principal amount of $1,583,992.46, together with post-judgment interest and attorney fees in proceedings entitled WellTech, Inc. v. Peter J. Abadie, et al., No. 92-054719 of the 234th Judicial District Court, Harris County, Texas. Abadie filed an appeal from that judgment in a Texas appellate court and that appeal is currently pending. However, Abadie did not file a supersedeas bond, which is required to suspend the execution of the judgment in the Texas courts.
On August 22, 1994, WellTech, Inc. filed suit in Louisiana in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to make the Texas judgment executory, pursuant to La.R.S. 13:4241the Uniform Enforcement of Foreign Judgments Act. Abadie filed an answer, petition for rule nisi and a reconventional demand, in which he requested the court here to stay the enforcement of the Texas judgment pending a hearing on his rule nisi to determine the validity and enforceability of said judgment, and a stay order was signed. WellTech filed a motion to lift the stay which was denied by the trial court on the ground that the hearing on the rule nisi was pending.
WellTech applied for writs to this Court which granted a writ of review, lifted the stay and remanded the matter for further proceedings. See WellTech, Inc. v. Peter J. Abadie, Jr., 95-C-99 (La.App. 5th Cir. 2/13/95). After a hearing on the issue of whether a stay was warranted and on the merits of the rule nisi, the trial court rendered judgment in favor of WellTech and against Abadie, dismissing the rule nisi filed by him. Abadie appeals, and assigns five allegations of error, all of which present the following issues:
1. Can a Louisiana court deny a petition to execute a foreign (Texas) judgment upon allegations of fraud and conflict of interest on the part of his attorney in the procurement of that judgment, which, if proven, would warrant an action for nullity?
2. Did the trial court err in ruling that the allegations of fraud made by appellant in this case were "intrinsic" in nature, (as distinguished from "extrinsic") and could not be used to prevent the enforcement here of the judgment of a sister state?
After a thorough analysis, we find that the trial court did not err in failing to stay the *1236 enforcement of the Texas judgment in this case.

ANALYSIS
Under the U.S. Constitution, Article IV, Section 1, a court in Louisiana must give "full faith and credit" to a judgment of a court in a sister state. A state may deny full faith and credit to a judgment rendered by a court of another state only when it is shown that the court which rendered the judgment lacked jurisdiction over that party or the subject matter. Ault v. Bradley, 564 So.2d 374 (La.App. 1 Cir.1990), writ denied, 569 So.2d 967 (La.1990). However, there is a jurisprudential exception to this rule where a foreign judgment is obtained through "extrinsic" fraud. In such a case the full faith and credit clause does not require application of "full faith and credit" and recognition of that judgment. Joseph R. Keenan v. White House ApartmentsDonald S. Moffatt, 517 So.2d 1141 (La.App. 5 Cir.1987), writ denied, 520 So.2d 750 (La.1988); State Through Dept. of Health & Resources v. Bethune, 618 So.2d 1045 (La.App. 1 Cir.1993).
Louisiana courts have recognized that "extrinsic fraud" (such as fraud that would prevent prosecution of an effective defense or would prevent an adversary trial of the issues) may be asserted as a bar to recognition of the foreign judgment; while "intrinsic fraud" (such as fraud that would simply amount to a defense to the original cause of action) would not serve as a defense to the recognition of a foreign judgment. Rondette, Ltd. v. Peterson, 518 So.2d 1183 (La.App. 4 Cir.1988).
In State of Ohio v. Kline, 587 So.2d 766 (La.App. 2 Cir.1991), the Second Circuit summarized the established jurisprudence with this cogent statement:
The substantive defenses available in an action to enforce a foreign judgment include a lack of personal or subject matter jurisdiction of the rendering court, extrinsic fraud in the procurement of the judgment, satisfaction, lack of due process, or other grounds that make a judgment invalid or unenforceable. However, the nature, amount, or other merits of the judgment may not be relitigated in the state in which enforcement is sought.
We agree with our brothers in the Second Circuit as this is the established jurisprudence of this state and we adopt it here.
Furthermore, the burden of undermining the verity of the foreign decree rests heavily upon the assailants of those who allege it. Dodge & Ringer v. Salazar, 556 So.2d 1357 (La.App. 5 Cir.1990).
Abadie presents two grounds or reasons to justify his claim that the judgment of the Texas court should not be enforced in this state. Abadie first alleges that the Texas judgment was obtained through fraud by the use of perjured testimony. He argues that the perjury committed during testimony in the Texas proceedings was so widespread as to constitute a violation of due process. In the hearing on this matter, Abadie testified that "someone" must have coached the witnesses as to their testimony in the Texas proceeding, although he admitted that he had no evidence whatsoever that this had been done. Abadie also argues that a conflict of interest existed in the Texas representation and, that this conflict was sufficient to deprive him of a fair trial.
After the hearing in this matter, the trial judge found that the basis of Abadie's claim was perjured testimony in the Texas tribunal which, even if true, constituted "intrinsic" fraud which could not be used to prevent enforcement of the foreign judgment. Therefore, the trial court refused to consider the veracity of these defenses. The court also found that Abadie waived his claim of alleged conflict of interest by his inaction in the Texas court and also that even if a conflict existed, this likewise, did not constitute extrinsic fraud. We are in agreement with the trial judge.
Abadie's claims of perjured testimony and attorney conflict are allegations which go to the merits and defenses of claims raised in the Texas proceedings, and are not examples of "extrinsic fraud" which would warrant denial of the execution of the Texas judgment.
In the instant case, WellTech appropriately sought to enforce the Texas judgment *1237 under the Enforcement of Foreign Judgments Act, La.R.S. 13:4241 et seq.
Abadie filed his answer, raising affirmative defenses, and his rule nisi, seeking to stay the enforcement of the judgment, alleging that he was entitled to relief under La.R.S. 13:4244(B) which states:

If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state. [Emphasis supplied].
In this appeal, Abadie contends that because the Uniform Enforcement of Judgments Act requires that a foreign judgment be treated in the same manner as a judgment of a court of this state, so that enforcement of a foreign judgment may be stayed for fraud or ill practices sufficient to support an action for nullity in this state. Abadie then alleges that the Texas judgment was obtained by fraud and ill practices sufficient to warrant a nullity action in this state under La.C.C.P. art. 2004 and, therefore, enforcement of that judgment should be stayed.
Finally, although not stated succinctly, Abadie appears to argue that the Uniform Enforcement of Judgments Act places a lesser burden than does the Full Faith and Credit Clause on a party seeking to bar enforcement of a foreign judgment.
Initially we note that an action to annul a judgment for fraud or ill practices must be brought in the court which rendered the judgment. Licoho Enterprises, Inc. v. Succession of Champagne, 283 So.2d 217 (La. 1973); Pan Am World Services, Inc. v. Abdell, 522 So.2d 1177 (La.App. 4 Cir.1988). Accordingly, the Twenty-Fourth Judicial District Court is not an appropriate forum in which to litigate the issue of whether the Texas judgment is null for fraud or ill practice.
Abadie admits that he is not requesting this Court to annul the judgment of the Texas court. Such relief would be unavailable in any event, since a Louisiana court is powerless to nullify a judgment of her sister state. McKisson v. McKisson, 179 La. 593, 154 So. 618 (La.1934); Pan Am World Services, Inc. v. Abdell, supra. However, Abadie does argue that these fraudulent acts or ill practices, which, if proven, are sufficient to warrant a nullity action, are also sufficient to warrant a stay of the enforcement of the Texas judgment. This argument was previously advanced to and rejected by this court in Joseph R. Keenan v. White House ApartmentsDonald S. Moffatt, supra. To allow Mr. Abadie to litigate the issues of witness credibility and bias in another forum, which are intrinsically related to the Texas trial and resultant judgment, and to refuse to enforce the Texas judgment on those grounds, would be in direct conflict with the Full Faith and Credit Clause of the United States Constitution and other authorities, cited supra.
Accordingly, we find no error in the trial court's ruling that the allegations of fraud or ill practices raised by Abadie, even if true, do not allow, permit, or justify a stay of the enforcement of the Texas judgment by a Louisiana court.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, Peter J. Abadie.
AFFIRMED.