h GRISBAUM, Chief Judge.
Defendant-appellant, Samuel Yonter, appeals the trial court’s judgment denying his motion to vacate/dismiss a Texas court judgment. We affirm.

ISSUE

We are called upon to decide whether the defendant has presented sufficient evidence to establish grounds that show a Texas court judgment against him should be declared null and void.

FACTS AND PROCEDURAL HISTORY

This appeal arises from a default judgment against the defendant-appellant, Samuel Yonter, rendered by a small claims court in Harris County, Texas. The default judgment was entered due to Mr. Yonter’s failure to pay the balance owed under a service contract between himself and Quest Engineering Development Corp., the plaintiff-appellee herein. The Texas court judgment, Udated May 14, 1997, entitles Quest to recover from Yon-ter $4,123.35, $35.00 in court costs, and interest at 10% per annum.
Quest filed a Petition for Enforcement of Foreign Judgment in the Twenty-Fourth Judicial District, Parish of Jefferson seeking to have the Texas court judgment against Yonter enforced. In its petition, Quest stated that the delay for filing for a suspensive appeal expired. On September 2, 1999, the trial court rendered judgment ordering that the Harris County judgment be made executory. On September 20, 1999, Yonter filed a motion to dismiss/vacate Quest’s petition to make foreign judgment executory. The trial court denied this motion. Yonter appeals.

LAW AND ANALYSIS

While Yonter titled his motion a Motion to Vacate and Dismiss, we find the relief he ultimately seeks from this court is to have the Texas judgment declared null and void. This, we cannot do.
A Louisiana court must give “full faith and credit” to a judgment from a sister state’s court. U.S. Constitution, Article IV, Section 1. “A state may deny full faith and credit to a judgment rendered by a court of another state only when it is shown that the court which rendered the judgment lacked jurisdiction over that party or the subject matter” or that the judgment was obtained through “extrinsic” fraud. WellTech, Inc. v. Abadie, 95-620 (La.App. 5 Cir. 1/17/96), 666 So.2d 1234, 1236, writ denied, 96-0683 (La.5/3/96), 672 So.2d 698, writ denied, 96-2598 (La.3/13/98), 712 So.2d 864. Extrinsic fraud is fraud “that would prevent prosecution of an effective defense or would prevent an adversary trial of the issues.” WellTech, Inc., 666 So.2d at 1236. Full faith and credit may not be denied because of intrinsic fraud. Intrinsic fraud is fraud that simply amounts to a defense to the original cause of action. For example, the nature, amount, or other merits of the judgment may not be relitigated in the state in which enforcement is sought. Id. (emphasis in original).- See also State of Ohio v. Kline, 587 So.2d 766 (La.App. 2 Cir. 1991). It is important for us to emphasize that a Louisiana court cannot nulli *874 fy a judgment of another state. McKisson v. McKisson, 154 So. 618, 179 La. 593 (1934); Pan Am World Services, Inc. v. Abdell, 522 So.2d 1177 (La.App.4 Cir.1988).
Yonter contends the Texas judgment against him is invalid because the court lacked jurisdiction over him and because it was obtained through extrinsic fraud. He contends fraud is an issue because the judgment was rendered for the wrong amount. Under the jurisprudence, a dispute over the amount clearly constitutes an allegation of intrinsic fraud not extrinsic fraud. See WellTech, Inc., 666 So.2d at 1236; State of Ohio v. Kline, 587 So.2d at 770. Thus, we cannot address this issue.
Second, Yonter contends that the Texas court did not have jurisdiction over him. The contract between Quest and Yonter provides that any lawsuit and all disputes shall be settled in the courts of Harris County, Texas. Moreover, an exception to jurisdiction comes too late after a default judgment. Franek v. Turner, 114 So. 148, 164 La. 532 (1927); Phipps v. Snodgrass, 31 La. Ann. 88 (1879). Accordingly, since Yonter failed to except to jurisdiction in Harris County Small Claims Court and it rendered a default judgment against him, he has waived that exception.
Finally, considering the jurisprudence, we find we have no authority to declare the Texas court judgment against Yonter invalid. His relief must be sought in Texas. See Pan Am World Services, Inc., 522 So.2d at 1178-1179; McKisson, 154 So. at 620.
For the reasons assigned, we affirm the trial court’s judgment. We order the appellant to bear all costs of this appeal.

AFFIRMED.