817 So.2d 449 (2002)
HOLIDAY HOSPITALITY FRANCHISING, INC., f/k/a Holiday Inns Franchising, Inc., Plaintiff-Appellee,
v.
Joseph Bailey GRANT, Gail L. Grant, Defendant-Appellant.
No. 36,035-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 2002.
*450 Paul Henry Kidd, Monroe, for Defendant-Appellant.
Henry Herbert Hobgood, for Plaintiff-Appellee.
Before NORRIS, BROWN and GASKINS, JJ.
NORRIS, Chief Judge.
Appellants, Joseph and Gail Grant ("the Grants"), appeal the trial court's ruling on a motion to strike filed by the appellee, Holiday Hospitality Franchising, Inc. F/K/A Holiday Inns Franchising, Inc. ("Holiday"), striking the Grants' petition for nullity. For the following reasons, we affirm in part, reverse in part, and remand.

Facts
On May 14, 2001, Holiday obtained a default judgment against the Grants in the State Court of DeKalb County, Georgia in the amount of $1,092,329.02. This was a default judgment because the Grants filed no answer or other responsive pleadings. The judgment provides in part:
IT FURTHER APPEARING that Defendants were properly served with summons and complaint on February 27, 2001. See Plaintiffs Notice of Filing Sheriffs Entry of Service dated March 7, 2001.
The Grants live in Monroe, Louisiana, and on July 10, 2001, Holiday filed a petition in the Fourth Judicial District Court under the Enforcement of Foreign Judgments Act, La. R.S. 13:4241 et seq. (EFJA), to make the Georgia judgment executory in Louisiana. This petition asked the court not only to make the foreign judgment executory but also to award Holiday costs and attorney fees. On July 17, 2001, the Fourth JDC rendered judgment making the Georgia judgment against the Grants executory in Louisiana and further awarding Holiday "additional costs and reasonable attorney's fees as they accrue for filing and enforcing this action." Notice of the filing of the petition was mailed to the Grants by certified mail on July 18, 2001 and received by them on July 26, 2001.
On August 3, 2001, the Grants filed in the Fourth JDC a petition for nullity of judgment. They alleged that the contract that formed the basis of the litigation was executed in Monroe, Louisiana and concerned a franchise located there. Contending that the Georgia court lacked subject matter jurisdiction over the dispute, the Grants demanded that the Georgia default judgment be declared null and *451 void. They also prayed for judgment annulling the Fourth JDC judgment, in that it included awards of attorney fees and costs that were not present in the original judgment.
On August 31, 2001, Holiday filed a motion to strike the Grants' petition for nullity of judgment. Holiday urged that because it brought its action under the EFJA, the Grants must raise any defenses they have in procedures compatible with that act. After a hearing, the trial court granted Holiday's motion to strike by signed judgment on November 2, 2001. The Grants sought review of this judgment by supervisory writs, which this court converted into an appeal.

Applicable Law
A party seeking recognition or execution by a Louisiana Court of a judgment of, inter alia, another state, may either seek enforcement pursuant to the EFJA, La. R.S. 13:4241 et seq., or by ordinary process. La. C.C.P. art. 2541. In the instant case, Holiday followed the EFJA procedure.
The EFJA defines a "foreign judgment" as any judgment, decree, or order of a court of the United States or other state which is entitled to full faith and credit in this state. La. R.S. 13:4241. Full faith and credit is, of course, guaranteed by USCA Const. art. IV, § 1.
The other procedural requirements of the EFJA are as follows:
§ 4242. Filing and status of foreign judgments
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.
§ 4243 Notice of filing
* * *
C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.
§ 4244 Stay
* * *
B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.
In Harrah's Club v. Mijalis, 557 So.2d 1142 (La.App. 2d Cir.), writ denied, 559 So.2d 1387 (La.1990), this court held that pursuant to La. R.S. 13:4243-13:4244:
The judgment debtor is granted 30 days from the time the notice of the filing of the petition is mailed to him to seek a stay of enforcement by proving, "on contradictory motion," that an appeal has been or will be taken, or that a stay of execution has been granted, or that there exists "any ground upon which the execution of a judgment of a court of this state would be stayed."
557 So.2d at 1146. See also NACS v. ADSA, 35,523 (La.App.2d Cir.1/23/02), 805 So.2d 1226, 1230.
The Grants urge that the Georgia judgment is not entitled to full faith and credit in Louisianaand should be annulled by a *452 Louisiana courtbecause Georgia did not have jurisdiction over them or this dispute.
According to Schultz v. Doyle, XXXX-XXXX (La.1/18/01), 776 So.2d 1158, 1164:
The Full Faith and Credit Clause, Article IV, Section 1, of the Constitution of the United States, mandates that a judgment of a state court should have the same credit, validity, and effect in every other court of the United States that it has in the state where it is pronounced. Hampton v. McConnel, 16 U.S. (3 Wheat.) 234, 4 L.Ed. 378 (1818). The Supreme Court of the United States has continuously interpreted the Full Faith and Credit Clause to mean that full faith and credit is to be accorded only when the jurisdiction of the court in another state is not impeached, either as to the subject matter or the person. Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 21 L.Ed. 897 (1873); Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). Therefore, a state court judgment can be made a judgment in a sister state "only if the court purporting to render the original judgment has power to render such a judgment." Williams, 325 U.S. at 229, 65 S.Ct. 1092, 89 L.Ed. 1577. That is to say, the court that rendered the judgment must have had jurisdiction over both the subject matter and the person.
The general rule is that "a judgment is entitled to full faith and crediteven as to questions of jurisdictionwhen the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). (Emphasis added)
A motion to strike is provided for in La. C.C.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and are infrequently granted. Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., XXXX-XXXX (La.App. 3 Cir. 6/20/01), 790 So.2d 93. A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action. Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151, 1162 (La.1988). A court must deny a motion to strike if there is any question of fact or law. Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., supra.

Discussion
As noted, Holiday proceeded under Louisiana's EFJA, La. R.S. 13:4241 et seq. Instead of filing a contradictory motion to stay the execution of the Georgia judgment, the Grants filed a petition for nullity of the default judgment and the Louisiana judgment which made it executory. They urge that the Georgia judgment is not entitled to full faith and credit in Louisiana, and should be annulled by a Louisiana court, because Georgia did not have jurisdiction over them or this dispute.
In determining the question of jurisdiction of the foreign court, the law of the forum state which rendered the judgment is the applicable law for resolution of this issue. Cantwell Machinery v. Ballard Agency, Inc., 583 So.2d 73 (La.App. 2d Cir.1991). There is a presumption the judgment of the sister state is valid and the burden of showing the judgment is invalid for lack of jurisdiction rests with the party attacking the judgment. Id.
Insofar as the Grants' petition for nullity asked the Louisiana court to nullify *453 or otherwise modify the judgment of the Georgia court, it asked for relief that could not be granted. It is well-established that a Louisiana court has no authority to nullify or vacate the judgment of another state. McKisson v. McKisson, 179 La. 593, 154 So. 618 (1934); Quest Engineering Dev. Corp. v. Yonter, 00-934 (La.App. 5 Cir. 10/31/00), 772 So.2d 872. In this respect, the judgment will be affirmed.
However, the Grants also urged that the Georgia court which rendered the judgment in question had no jurisdiction over the subject matter of the dispute and that they were not properly served with notice of the Georgia proceedings. Insofar as the Grants' pleading raised questions of subject matter and personal jurisdiction, the Louisiana trial court was obligated to consider and rule upon whether the Georgia judgment was entitled to full faith and credit. La. R.S. 13:4241. Only upon proper inquiry concerning these questions of jurisdiction, evincing that these issues were fully and fairly litigated in the original court, should a Louisiana court afford full faith and credit to the Georgia judgment. See, Schultz v. Doyle, supra. Upon review of the foreign default judgment, and the record in its entirety, it appears that the jurisdictional question was never raised in Georgia. The district court should have treated the Grants' petition as a contradictory motion, to which they are entitled under La. R.S. 13:4244, insofar as it raised justiciable issues. Liberal rules of pleadings prevail and each pleading should be so construed as to do substantial justice and, when it can reasonably do so, a court should maintain a petition so as to afford a litigant an opportunity to present his evidence. La. C.C.P. art. 865; See also, Williams v. State, 34,691 (La.App. 2 Cir. 5/9/01), 786 So.2d 927. The Grants were entitled to more than merely a hearing on Holiday's motion to strike.
Moreover, the record is devoid of any allegations of insufficient demand or defense; nor were there any redundant, immaterial, impertinent, or scandalous matter before the trial court. Rather, cognizable questions of law and/or fact indeed existed in the present suit with regard to questions of jurisdiction. See, Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., supra. Therefore, we find the trial court erred in its use of the motion to strike this aspect of the petition for nullity.
Because of this resolution, we pretermit the other issues raised by the Grants.

Conclusion
For the above reasons, the ruling of the district court dismissing the Grants' petition is reversed in part, and this case is remanded to the district court with instructions for that court to schedule a contradictory hearing to consider the various arguments raised by the Grants concerning whether Louisiana should afford full faith and credit to the Georgia judgment and whether an award of attorney fees and additional costs is appropriate. In all other respects, the district court's ruling is affirmed. Costs of this appeal are assessed equally to Holiday and to Joseph and Gail Grant.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.