|-i STEWART, J.
Steven and Cheri Knutsen appeal the denial of exceptions of no cause of action and res judicata filed in response to an action by Howard T. Prince, III, to annul a Louisiana judgment recognizing and making executory a foreign judgment obtained by the Knutsens against Prince. Because we find that Prince has failed to state a cause of action to annul the Louisiana judgment, we reverse.
FACTS
On March 11, 2004, the Fourth Judicial District Court for the State of Idaho rendered a judgment in favor of the Knutsens and against Prince, a Louisiana resident, for the total sum of $1,173,535.17. Prince was defaulted in the Idaho suit for failing to timely make an appearance in the proceedings after his efforts to challenge the court’s jurisdiction over him failed. Prince filed an untimely appeal from the judgment against him arguing again that the Idaho court lacked personal jurisdiction over him. The Idaho Supreme Court dismissed Prince’s appeal as untimely.
As authorized under La. C.C.P. art. 2541, the Knutsens filed a petition on May 5, 2004, in the Twenty-sixth Judicial District Court of Louisiana to have the Idaho judgment recognized. A preliminary default judgment was entered on June 28, 2004, and the default judgment was confirmed on July 15, 2004, granting the Idaho judgment full faith and credit. No appeal was taken.
*406 Instead, on August 23, 2004, Prince filed a pleading styled as a rule to show cause asserting that Louisiana should not recognize the Idaho judgment. He asserted that the Idaho court lacked jurisdiction over him. 12 The Knutsens argued that this was an unauthorized use of summary process. However, Prince also filed an ordinary action to annul the judgment of July 15, 2004, recognizing the Idaho judgment. The trial court stayed enforcement of the Idaho judgment. The Knutsens then sought review of the stay order under this court’s supervisory jurisdiction. Supervisory review was denied.
In response to Prince’s annulment action, the Knutsens filed exceptions of no cause of action and res judicata asserting that the issue of Idaho’s jurisdiction over Prince had been fully litigated in the Idaho proceeding and that Prince was afforded ample due process. At a hearing on the exceptions, the Knutsens introduced copies from the records of the Idaho proceeding showing that the jurisdictional issue had been raised by Prince and addressed by the Idaho court. Prince did not object to the introduction and had signed a written admission, also introduced into evidence, that the records introduced by the Knut-’ sens appeared to be those he had received in the Idaho proceedings.
After taking the matter under advisement, the trial court rendered judgment denying the exceptions. The trial court concluded that Prince had asserted a claim that could result in relief being granted if he prevailed at trial and that while the Idaho judgment might be res judicata in Idaho, it was not res judicata in Louisiana. The Knutsens sought supervisory review from the trial court’s adverse judgment. Their writ was granted on April 28, 2005, and the matter submitted for a decision on the appellate docket.
| .DISCUSSION
The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Industrial Companies, Inc. v. Durbin, 2002-0665 (La.1/28/03), 837 So.2d 1207, 1213. The exception is triable on the face of the petition, and the well-pleaded facts of the petition must be accepted as true. Id. The petition should not be dismissed for failing to state a cause of action unless it appears beyond doubt that the plaintiff can prove no facts in support of any claim which would entitle him to relief. Id.
The appellate court conducts a de novo review of a no cause of action exception, because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Id. Also, in reviewing rulings on exceptions of no cause of action, exhibits attached to the petition may also be considered in determining whether the law extends a remedy to the plaintiff under the factual allegations of the petition. Kuebler v. Martin, 578 So.2d 113 (La.1991); Powell v. Dorris, 35,510 (La.App. 2d Cir.4/5/02), 814 So.2d 763, and Winners Circle of Homes Inc., v. Barnette, 28,673 (La.App. 2d Cir.9/25/96), 681 So.2d 42.
A final judgment may be annulled for either vices of form or substance. La. C.C.P. art. 2001. A judgment may be annulled for vices of form when it has either been rendered against an incompetent not represented as required by law; against a defendant who has not been served with process as required by law and who has not waived objection to | ¿jurisdiction, or against whom a valid default judgment has not been taken; or by a court which did not have subject matter jurisdiction. La. C.C.P. art. 2002(A). A judgment may also be annulled for vices of *407 substance when it was obtained by fraud or ill practices. La. C.C.P. art. 2004(A).
Prince’s petition seeks annulment of the July 15, 2004 default judgment which recognized and made executory a foreign judgment against him. As grounds for annulment, Prince alleges that the Idaho court did not allow him to participate as a defendant at trial and granted a default judgment against him for not answering timely. His petition asserts that the Idaho trial court’s actions deprived him of fundamental fairness and due process. Prince’s petition also alleges that he “has never been domiciled in nor a resident of the State of Idaho and did not [conduct] business in the state of Idaho, and ... was not related to nor acquainted with Steven L. Knutsen or Cheri L. Knutsen.”
We have reviewed Prince’s petition and find no allegations that support a cause of action to annul the Louisiana judgment of July 15, 2004. The petition does not allege vices of form in obtaining the Louisiana judgment, nor does the petition allege that the Louisiana judgment was obtained by fraud or ill practice. Rather, the allegations of Prince’s petition pertain only to the Idaho judgment and do not state grounds for annulling the Louisiana judgment under La. C.C.P. art. 2002 or La. C.C.P. art. 2004. It is apparent the Prince disagrees with the adverse rulings of the Idaho court. However, “[I]t is well-established that a Louisiana court has no authority to nullify or vacate the judgment of another state.” Holiday Hospitality Franchising, Inc. v. Grant, 36,035 (La.App. 2d Cir.5/8/02), 817 So.2d 449, 453.
 Our law provides that a judgment from the court of another state is entitled to full faith and credit even as to questions of jurisdiction when inquiry discloses that questions of jurisdiction have been fully and fairly litigated and finally decided in the court which rendered the original judgment. Id., at 516; Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Jurisprudence holds that it is not necessary that the rendering state actually litigated the question of jurisdiction, but only that the party had the opportunity to litigate the jurisdictional question in order to cut off a collateral attack in Louisiana on the issue of jurisdiction. Holiday, supra at 516, citing Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966); Allenberg Cotton Company, Inc. v. Stacy, 384 So.2d 514 (La.App. 2d Cir.1980); and Essex Crane Rental Corp. v. D & L Machine Works, 93-1656 (La.App. 3d Cir.10/5/94) 643 So.2d 913, writ denied, 94-2742 (La.1/6/95), 648 So.2d 932. But see Dunn v. Mortenson, 36,878 (La.App. 2d Cir.3/5/03), 839 So.2d 1007, which concludes that the above stated rule of law in the cited cases is based either on the fact that a foreign court made a specific finding of jurisdiction over the defendant or that the defendant submitted himself to the jurisdiction of the foreign court.
The allegations raised by Prince pertaining to the Idaho judgment, particularly that of lack of jurisdiction, are defenses that Prince could have raised prior to entry of the Louisiana default judgment of July 15, 2004. However, he did not raise these defenses. Moreover, the transcript of the | fiIdaho proceedings attached to Prince’s petition, exhibits attached to Prince’s opposition to the exceptions of no cause of action and res judicata, and the exhibits introduced into evidence by the Knutsens at the hearing on the exceptions establish that Prince was afforded the opportunity and did in fact challenge the jurisdiction of the Idaho court in that state by seeking to have the case against him dismissed for lack of personal jurisdiction. The Idaho court denied Prince’s motion to dismiss and ultimately dismissed as untimely his appeal from the judgment *408 against him. Had Prince asserted the defense of Idaho’s alleged lack of jurisdiction over him in answer to the Knutsens’ petition to have the Idaho judgment recognized in Louisiana, he would have likely-failed to prevent the court from granting the Idaho judgment full faith and credit.
We must note that Prince took no action to defend against the Knutsens’ suit to have the Idaho judgment recognized until after the default judgment was confirmed and finally granted. Additionally, he did not appeal the default judgment rendered July 15, 2004. His election to pursue a nullity action rather than appeal the judgment forecloses our consideration of the issues pertaining to the Idaho court’s jurisdiction or alleged lack of due process. For the reasons explained in this opinion, the nullity action is governed by specific procedural articles, and Prince simply failed to make any allegations that would constitute grounds for annulling the July 15, 2004 judgment. His defenses against granting the Idaho judgment full faith and credit do not constitute grounds for annulling the judgment under La. |7C.C.P. arts. 2002 or 2004. Thus, we find that the trial court erred in denying the Knutsens’ exception of no cause of action.
La. C.C.P. art. 934 permits amendment of the petition when the exception of no cause of action has been sustained and when the grounds of the objection may be removed by amendment. However, we find that remand would serve no purpose here. Our review of the record shows that Prince’s complaint is with the Idaho judgment and that his attempt to annul the Louisiana judgment is merely a means of collaterally attacking the Idaho judgment. Having found merit in the exception of no cause of action, we need not address the res judicata exception or other assignments of error raised by the Knutsens.
CONCLUSION
For the reasons stated, we reverse the judgment of the trial court, grant the Knutsens’ exception of no cause of action, and hereby dismiss Prince’s annulment action. Costs are assessed against Prince.
REVERSED.