CARAWAY, J.,
dissenting.
I,Long after the finality of a Texas judgment, duly made executory by a Louisiana final judgment, this court exercised supervisory review over this custody dispute on November 1, 2012, and recognized full faith and credit for the Texas judgment. Contrary to that ruling of this court, the majority now gives a full lack of credit to the other state’s judgment.
The Full Faith and Credit Clause of the United States Constitution, Parental Kid-naping Prevention Act, 28 U.S.C.A. § 1738A, the Uniform Child Custody Jurisdiction and Enforcement Act (“UC-CJEA”), La. R.S. 13:1801, et seq., and the Enforcement of Foreign Judgments Act, La. R.S. 13:4241, et seq., all mandate that the Texas custody determination remain in effect until that judgment is challenged in Texas regarding its invalidity for no subject matter jurisdiction, which it clearly employed under the UCCJEA.
The U.S. Constitution requires that Louisiana courts must give judgments obtained in Texas full faith and credit in proceedings in Louisiana. See U.S. Const, art. IV § 1. Such judgments are presumed to be valid until a person contesting its validity proves that it is defective in a contradictory hearing. See Esenwein v. Commonwealth of Pa., 325 U.S. 279, 280-81, 65 S.Ct. 1118, 1119, 89 L.Ed. 1608 (1945); see also Holiday Hospitality Franchising, Inc. v. Grant, 36,035 (La.App.2d Cir.5/8/02), 817 So.2d 449, 452 (“There is a presumption the judgment of *1185 the sister state is valid and the burden of showing the judgment is invalid for lack of 1 ¿jurisdiction rests with the party attacking the judgment”). Otherwise, the judgment stands.
Recognizing the problems of parents absconding with children and contravening custody orders to obtain a favorable ruling in another state, the United States Congress passed 28 U.S.C.A. § 1738A, to require that every state give full faith and credit and that every state enforce the custody determinations of other states so long as those courts had jurisdiction. 28 U.S.C.A. § 1738A; see Suzanne Y. LePori, The Conflict Between the Parental Kid-naping Prevention Act and the Extradition Act; Naming the Custodial Parent Both Legal Guardian and Fugitive, 19 St. Mary’s L.J. 1047’ 1053-64 (1988). The UCCJEA mirrors these concerns and is entirely consistent with the provisions of the Congressional Act. See UCCJEA § 101, cmt. Louisiana and Texas have adopted the Uniform Child Custody Jurisdiction and Enforcement Act. See La. R.S. 13:1801 et seq., and Tex.Code Ann. § 152.101 et seq.
The general principle of the UCCJEA is that the state that makes the initial custody decree maintains jurisdiction until a court expressly finds that it has lost jurisdiction. See La. R.S. 13:1813-14. The UCCJEA lays out a scheme for determining when jurisdiction may be exercised, see La. R.S. 13:1813, when it is lost, see La. R.S. 13:1814, and when another state acquires jurisdiction to hear the custody matter, see La. R.S. 13:1815.
It is undisputed that Louisiana had jurisdiction of this case in 2007 to render an initial custody decree. Under the UC-CJEA, before the Texas court could modify Louisiana’s custody decree, the Texas court was | srequired to make a determination that the child and both parents did not currently reside in the state (Louisiana) making the initial custody decree. La. R.S. 13:1814(2). As recognized by the majority opinion, the Texas judgment of July 2012 expressly determined that Louisiana did not retain exclusive, continuing jurisdiction and that Texas had become the home state of the child.[1] See Tex.Code Ann. § 152.102(7). The mother was properly served with notice of the Texas proceeding. The parents’ and the child’s two-year residency in Texas preceding the Texas action indicates that subject matter jurisdiction for custody under the UC-CJEA had been established in Texas.
The UCCJEA also mandates enforcement of custody determinations made by courts exercising jurisdiction in substantial compliance with the UCCJEA. See La. R.S. 13:1823, et seq. The validity of that judgment may be collaterally attacked when the judgment is submitted for enforcement. See La. R.S. 13:1827(D); see also La. C.C.P. art. 2541; see also La. R.S. 13:4241 et seq. Otherwise, the judgment must be enforced.
Under La. R.S. 13:4241, et seq., the trial court entered an order on August 27, 2012, making the Texas judgment enforceable and executory in Louisiana. The mother admits in the record that she was served with this order on August 28. Therefore, under this Louisiana proceeding for the enforcement of the Texas judgment, the mother had 30 days in which to challenge the subject matter jurisdiction by which the Texas judgment was ^rendered. The mother has never presented a single pleading at any time alleging any jurisdictional flaw in the Texas custody judgment.
*1186 Therefore, the August 2012 Louisiana order became a final judgment 30 days after its entry under the provisions of La. R.S. 13:4241, et seq. As this court recognized in Knutsen v. Prince, 40,109 (La.App.2d Cir.9/21/05), 911 So.2d 404, after a final Louisiana judgment making another state’s judgment executory, any defense against granting full faith and credit to the out-of-state judgment is foreclosed in Louisiana.
With the Texas and the Louisiana judgments thus final and enforceable, this court was called upon on November 1, 2012, to address the authority and jurisdiction of the Louisiana district court over the pending proceeding. The mother’s Louisiana action was for the threat of an immediate and irreparable harm concerning the child’s safety pursuant to La. C.C.P. art. 3945. This court’s ruling on the writ did not upset the scheduled evidentiary hearing of November 8, 2012. However, from our review of the proceedings and the father’s urging of the finality of the Texas judgment, we effectively ruled that Louisiana’s only subject matter jurisdiction was limited to the special “temporary emergency jurisdiction” under the UCCJEA, La. R.S. 13:1816 (hereinafter “Section. 1816”). This court expressly found that the trial court had “no authority” to act under the special Article 3945 emergency power of this state because under Section 1816(C), there had been “a previous child custody determination” in Texas shown by the unchallenged Texas judgment. There was “no authority” for the district court to employ Louisiana’s full subject matter jurisdiction | r,because Louisiana had lost its initial and continuing jurisdiction after the Texas court’s application of the UCCJEA and its exercise of custody jurisdiction in Texas.
With this recognition of the force of UCCJEA and the Texas judgment, the November 8 hearing was a limited proceeding as directed by this court. The trial court attempted to act under Section 1816. That section of the UCCJEA establishes the jurisdictional rule of law for this Louisiana emergency proceeding. A different action by the mother would have been required for a determination that Texas had somehow lost its exclusive, continuing jurisdiction over custody of the child. La. R.S. 13:1814. Yet, Louisiana has never been asked in formal pleadings by the mother to reassert full subject matter jurisdiction under the UCCJEA, and the Texas judgment setting the custody status of this child remains.
The majority opinion now rules that the Texas subject matter jurisdiction over custody exercised in the Texas judgment was relinquished by an unexplained letter of a Texas judge.[2] This extrajudicial action of a single Texas judge now relied upon by the majority is a violation of the UCCJEA rule for communication between courts. La. R.S. 13:1810 (hereinafter “Section 1810”). The Texas judge, acting alone, purportedly conferred full subject matter jurisdiction upon the Louisiana court on November 6, 2012. Judicial communication between courts with custody interests over pending matters is authorized in the UCCJEA and specifically | ^directed in the “temporary emergency jurisdiction” cases involving two states. Nevertheless, an examination of the UCCJEA allowances for such communication in our statutes clearly shows that no judge’s informal communication off the record can extend subject matter jurisdiction in this case or any other.
La. R.S. 13:1818 recognizes generally the need for the possible stay of an action *1187 and judicial communication between two courts when “simultaneous proceedings” are pending in both courts. There was no pending action in the Texas court on November 6, 2012. There is no authority under that section for deciding subject matter jurisdiction by a judge. Of even more importance, Section 1810(D) requires that “a record” of any communications between courts over substantive matters be made. La. R.S. 13:1810(D). That was violated in this case, as the judge’s letter references a teleconference between the judges that preceded his November 6 letter. Thus, we are left with a letter where the Texas judge ambiguously acknowledged Louisiana’s jurisdiction over the pending “temporary emergency” matter under Section 1816. With the lack of a record and clarity for the judge’s letter, I cannot say that the Texas judge was so bold as to have intended to cede primary UCCJEA jurisdiction to Louisiana. Yet, ■without review of the UCCJEA rules for court communications, the majority now holds that one judge’s unilateral act was that of a “Texas court,” effectively nullifying the final judgment of the court, rendered by another Texas judge.
^Additionally, the trial court erroneously misconstrued the purpose of the allowance for judicial communication under the UCCJEA emergency statute, Section 1816(D). The first sentence of Section 1816(D) did require communication with the Texas court which had made the last determination of UCCJEA primary jurisdiction as residing in Texas. See La. R.S. 18:1816(D). This instruction is in keeping with the mandate of Section 1816(C) to instruct the mother upon receipt of any emergency Louisiana custody ruling to “obtain an order from” the Texas court within a time period set by the Louisiana court. La. R.S. 13:1816(C). The second sentence of Paragraph D has no application because it begins on the premise that Louisiana is the present state “exercising jurisdiction pursuant to R.S. 13:1813 through 1815.” La. R.S. 13:1816(D). In summary, Paragraph C of the emergency Section 1816 begins with the recognition of “a previous child custody determination that is entitled to be enforced under this Act,” and because that determination occurred in the Texas judgment, communication with the Texas court was limited under Section 1816(D) to further proceedings “to resolve the emergency” and provide protection for the child under the continuing jurisdiction of the Texas court.
In conclusion, the Texas court took jurisdiction over the status of this child and the parents in June 2012 because of the parties’ residency in that state. A Texas judgment for custody of the child became final, was made executory in Louisiana, and has never been collaterally attacked in Louisiana or in Texas. The Texas judgment governing the custody of the |8child remains in force and effect in Texas, and yet Louisiana proceedings continue. I respectfully dissent.

. The majority opinion seems to justify its ruling on the domiciliary intentions of the parents, which is contrary to the UCCJEA's focus on residency. See UCCJEA § 202, cmt. (2). Adults may have domicile intentions; the child as a resident of the state under the UCCJEA is the policy concern of Texas.

. At oral argument, counsel for the father asserted that the Texas judge who mailed the letter was not the Texas judge who was actually involved in the rendition of the Texas judgment in July 2012.