Judgment rendered August 11, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,057-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

O'REILLY AUTOMOTIVE                          Plaintiff-Appellant
STORES, INC.

versus

TERRY WHITE DBA THE SHOP                     Defendant-Appellee

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 46483

Honorable Jacque D. Derr, Judge

* * * * *

NEWMAN, MATHIS, BRADY &                      Counsel for Appellant
SPEDALE
By: Richard L. Crawford

CORKERN, CREWS, GUILLET &                    Counsel for Appellee
JOHNSON, LLC
By: Lisa V. Johnson

* * * * *

Before GARRETT, COX, and ROBINSON, JJ.

**GARRETT, J.**

In this suit to make a foreign judgment executory, the plaintiff, O'Reilly Automotive Stores, Inc. ("O'Reilly"), appeals from a trial court judgment which granted, without security, a motion for a stay in favor of the defendant, Terry White DBA The Shop ("White"). For the reasons assigned below, we reverse the granting of the stay and remand for further proceedings.

## FACTS

On October 5, 2020, O'Reilly filed an ex parte petition to make a foreign judgment executory, alleging that White owed the principal sum of $10,341.60, interest of $846.60 through the date of judgment, attorney fees of $3,443.75, interest on those amounts from date of judgment at the rate of 18% per annum, and court costs, process server fees and sheriff's fees through the date of judgment of $111.66, together with all post-judgment court costs, process server fees and sheriff's fees and all costs of the Louisiana proceedings. Attached to the petition was an authenticated and certified copy of a Missouri judgment signed on August 13, 2020, which set forth the above-mentioned amounts and stated that "Defendant, although lawfully summoned, defaults." Also attached was an affidavit from O'Reilly's attorney, in which he attested to the Missouri judgment's correctness and recited that the total judgment amount was $14,743.61.[1] He stated the correct name of the debtor was "Terry White dba The Shop" and

---

[1] However, the attorney's affidavit states that the amount of $3,443.75 was for interest, not attorney fees.

recounted a post office address for him in Winnfield, Louisiana. The trial court signed an order recognizing the judgment and making it executory.[2]

Notice of the foreign judgment was issued to White on October 21, 2020. On October 27, 2020, he filed a pleading entitled "answer and opposition to ex parte petition to make foreign judgment executory, motion to deny full faith and credit to Missouri judgment, request for stay, and incorporated memorandum in support." White denied being indebted to O'Reilly in any amount and asserted that the judgment was not entitled to full faith and credit in this state because (1) the Missouri court lacked personal jurisdiction over him, and (2) the Missouri judgment was obtained through fraud and ill practices. He alleged that the Missouri judgment was rendered by virtue of a purported credit agreement between O'Reilly and a Terry White who owned a company called "the Shop."[3] White denied any connection to Missouri, aside from passing through the state, or that he had entered into the alleged credit agreement or that he had ever owned a company styled "The Shop" or done business as "The Shop." He requested a stay of enforcement/execution of the Missouri judgment. On October 28, 2020, the trial court signed an ex parte order which set a hearing on November 24, 2020, and stayed the enforcement/execution of the Missouri judgment.

---

[2] We note that the date of signing on the order is October 7, 2010, an obvious typographical error for 2020.

[3] In his appellate brief, White admits that he was served with the Missouri lawsuit in May 2020, and that a credit application purportedly signed by him and dated March 1, 2019, was attached to that petition. He further stated that the petition in the Missouri lawsuit alleged that "Defendant agreed that all litigation arising from their business relationship would be litigated in the County of Greene of the State of Missouri."

O'Reilly filed an opposition in which it contended that the Missouri judgment was entitled to full faith and credit and that White failed to assert any grounds for a stay under La. R.S. 13:4244 or post security under La. R.S. 13:4244(B).

The court proceedings held on November 24, 2020, were conducted in a rather unusual manner. There was considerable dialogue between the trial judge and the attorneys, particularly O'Reilly's counsel. The attorneys were not given an opportunity to present their arguments on the record in an orderly manner. Also, despite the court being informed by White's counsel that White and a forensic handwriting expert (who allegedly would testify that the signature on the credit application at issue was not White's) were present, no evidence was adduced. The trial court repeatedly expressed concern about whether the Louisiana defendant was the same person who signed the credit application. O'Reilly's counsel told the trial court that White had been served with the Missouri judgment and did not challenge it in Missouri, letting "the judgment go by default." O'Reilly's counsel suggested that the trial court could issue a stay under La. R.S. 13:4244 and permit White to go to Missouri to fight the judgment there. The trial court disagreed and, during an extensive and somewhat disjointed colloquy with O'Reilly's counsel, questioned whether O'Reilly was certain that White was the person who actually incurred the debt. The trial court stated that it would not "make somebody that isn't the guy who bought the stuff go to Missouri" and "I don't care what the law says on this issue, I'm not gonna do it. . . . May be a higher court that says that I'm just totally wrong, but, (laughter from both counsels) uh, - - uh, I had the same thing happen, uh, to my parents years ago - -" O'Reilly's counsel stated he was ready to proceed

3

on whether the judgment should be enforced here. However, in light of the court's indication that it was going to continue the stay, he stated he would get a new court date and tell his clients that they would have to bring someone down to testify. The trial judge, who was about to retire, stated that if O'Reilly determined that White was the correct person, O'Reilly could return to court and the new judge would lift the stay and hear the case. In conclusion, the trial court continued the stay and declined to make White post security. A judgment was signed on December 7, 2020, and was designated as a final, appealable judgment.

O'Reilly appealed. It asserts that the trial court erred in (1) issuing a stay to the enforcement of the Missouri foreign judgment in Louisiana and (2) failing to require the defendant to provide a security bond when it issued the stay.

**LAW**

Article IV, Section 1 of the United States Constitution provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

A foreign judgment may be made executory against a judgment debtor in Louisiana either through an ordinary proceeding, with citation and service to the debtor, La. C.C.P. art. 2541,[4] or through special proceedings provided

---

[4] La. C.C.P. art. 2541 states:

A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.

4

in the Enforcement of Foreign Judgments Act ("EFJA"), which allows

notice of the filing of the petition to be given to the debtor by certified mail,

La. R.S. 13:4241 et seq. *Holmes-Taylor v. Donatto*, 52,712 (La. App. 2 Cir.

5/22/19), 273 So. 3d 1274; *Cajun Beverage, Inc. v. Am. Nat. Can Co.*, 577

So. 2d 172 (La. App. 1 Cir. 1991).

In the case before us, the judgment creditor pursued its remedy under

the EFJA statutes. The EFJA provides a uniform statutory method for

enforcing foreign judgments. The relevant provisions are recited below.

La. R.S. 13:4241. Definition

In this Part "foreign judgment" means any judgment, decree, or
order of a court of the United States or of any other court which
is entitled to full faith and credit in this state.

La. R.S. 13:4242. Filing and status of foreign judgments

A copy of any foreign judgment authenticated in accordance
with an act of congress or the statutes of this state may be
annexed to and filed with an ex parte petition complying with
Code of Civil Procedure Article 891 and praying that the
judgment be made executory in a court of this state. The foreign
judgment shall be treated in the same manner as a judgment of a
court of this state. It shall have the same effect and be subject to
the same procedures, and defenses, for reopening, vacating, or
staying as a judgment of a court of this state and may be
enforced in the same manner.

La. R.S. 13:4243. Notice of filing

A. At the time of the filing of the petition and foreign judgment,
the judgment creditor shall file with the court an affidavit
setting forth the name and last known address of the judgment
debtor and the judgment creditor.

B. Promptly upon the filing of the petition, the foreign
judgment, and the affidavit, the clerk shall send a notice by
certified mail to the judgment debtor at the address given and

---

B. A duly authenticated copy of the judgment or decree must be annexed
to the petition.

C. A judgment, decree, or order of a court of the United States or any
other court that is entitled to full faith and credit in this state may also be
enforced pursuant to R.S. 13:4241.

5

shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

C. No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment.

La. R.S. 13:4244. Stay

A. If the judgment debtor proves on contradictory motion that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

B. If the judgment debtor proves on contradictory motion any ground upon which the execution of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment upon requiring security for satisfaction of the judgment as is required in this state.

The judgment debtor is granted 30 days from the time the notice of the filing of the petition is mailed to him to seek a stay of enforcement by proving, "on contradictory motion," that an appeal has been or will be taken, or that a stay of execution has been granted, or that there exists "any ground upon which the execution of a judgment of a court of this state would be stayed." *Holiday Hosp. Franchising, Inc. v. Grant*, 36,035 (La. App. 2 Cir. 5/8/02), 817 So. 2d 449; *Harrah's Club v. Mijalis*, 557 So. 2d 1142 (La. App. 2 Cir. 1990), *writ denied*, 559 So. 2d 1387 (La. 1990).

The Full Faith and Credit Clause, Article IV, Section 1, of the Constitution of the United States, mandates that a judgment of a state court should have the same credit, validity, and effect in every other court of the

6

United States that it has in the state where it is pronounced. The Supreme Court of the United States has continuously interpreted the Full Faith and Credit Clause to mean that full faith and credit is to be accorded only when the jurisdiction of the court in another state is not impeached, either as to the subject matter or the person. Therefore, a state court judgment can be made a judgment in a sister state only if the court purporting to render the original judgment has power to render such a judgment. That is to say, the court that rendered the judgment must have had jurisdiction over both the subject matter and the person. *Schultz v. Doyle*, 00-0926 (La. 1/17/01), 776 So. 2d 1158; *Holiday Hosp. Franchising, Inc. v. Grant*, *supra*. A state may deny full faith and credit to a judgment rendered by a court of another state when it is shown that the court which rendered the judgment lacked jurisdiction over the parties or the subject matter. *KJMonte Invs., LLC v. Acadian Properties Austin, LLC*, 2020-0204 (La. App. 1 Cir. 12/30/20), — So. 3d —, 2020 WL 7770997. Nevertheless, there is a general presumption that a court of a sister state had jurisdiction to render the judgment in the case before it, and it is incumbent upon the person attacking the judgment to show by clear and positive proof that the rendering court was without jurisdiction. *KJMonte Invs., LLC v. Acadian Properties Austin, LLC*, *supra*.

## DISCUSSION

O'Reilly contends that it complied with the provisions of the EFJA, particularly La. R.S. 13:4242 and 13:4243, and that appropriate notice was given to the judgment creditor. Additionally, it argues that White failed to file a contradictory motion showing any of the reasons for a stay set forth in La. R.S. 13:4244. As a result, it maintains that the trial court erred in granting the stay, especially without requiring security, and that it is entitled

7

to have the stay lifted and its judgment recognized. O'Reilly also asserts that White admitted he was served with the Missouri lawsuit but chose not to contest it in Missouri.

White maintains that he did not sign the credit application or incur the debt at issue and that he has never done business as "The Shop." In his appellate brief, White concedes that in May 2020 he was served with the Missouri lawsuit, to which a copy of a credit application dated March 1, 2019, was attached, and that several months later he received notice of O'Reilly's efforts to make the subsequent Missouri judgment executory in Louisiana. He responded by filing a pleading which may be construed as a "contradictory motion" as contemplated by La. R.S. 13:4244.[5] *See Holiday Hosp. Franchising, Inc. v. Grant*, *supra*.

The proceedings below have been procedurally flawed from the beginning. The trial court initially erred in granting the stay in the ex parte order signed on October 28, 2020, which set the November 24, 2020 hearing date. When the stay was granted, the judgment debtor had not "[proven] on contradictory motion" that (1) "an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted" [La. R.S. 13:4244(A)] or (2) "any ground upon which the execution of a judgment of a court of this state would be stayed" [La. R.S. 13:4244(B)]. The initial error was compounded by what occurred in court on November 24, 2020. The transcript reveals that the trial court did not allow

_____

[5] According to White's appellate brief, he has also filed a separate lawsuit against O'Reilly in Winn Parish, in which he alleges that O'Reilly lacked personal jurisdiction over him for the Missouri judgment, the Missouri judgment was obtained by fraud and ill practices, and O'Reilly violated provisions of the Louisiana Unfair Trade Practices and Consumer Protection Law and the Fair Debt Collections Practices Act. Additionally, he seeks damages for defamation, intentional infliction of emotional distress, and mental anguish.

the parties to make an adequate record of their positions or present any supporting evidence before it decided to continue the stay. It appears the trial court assumed facts that were not in evidence and expressed disagreement with the statutory scheme enacted by the legislature. Additionally, the mandatory language of La. R.S. 13:4244 requires security if a stay is granted. To grant the stay without security was further error on the part of the trial court.

For the reasons assigned above, we reverse the trial court judgment which granted a stay without security and continued in effect an improperly granted ex parte stay order. We remand this matter to the trial court with instructions for the court to schedule a contradictory hearing to consider the arguments raised by White concerning whether Louisiana should afford full faith and credit to the Missouri judgment and, if appropriate, to give the parties an opportunity to present evidence in support of their respective positions.[6]

## CONCLUSION

We reverse the trial court judgment granting the stay and remand for further proceedings in compliance with this opinion.

Costs of this appeal are assessed equally between the parties.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[6] White candidly acknowledged in his brief that, if we determined that any error occurred below, "the proper relief would be to remand the case back to the trial court for the presentation of additional evidence on all issues."

9