563 So.2d 492 (1990)
Deborah M. FULTON
v.
BLUE CROSS OF LOUISIANA.
No. 89-CA-1407.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Rehearing Denied July 19, 1990.
*493 Steven B. Murray, Patricia R. Murray, M. Allyn Stroud, Murray Law Firm, New Orleans, for plaintiff/appellee.
Thomas A. Rayer, Denechaud and Denechaud, New Orleans, for defendant/appellant.
Before GARRISON, BARRY and BECKER, JJ.
GARRISON, Judge.
Plaintiff, Deborah Fulton, was employed by A. Baldwin and Company in Lafayette, Louisiana until she voluntarily terminated her employment, effective June 9, 1981. Her employer informed the defendant, Blue Cross of Louisiana, that plaintiff's coverage as an eligible employee under a group major medical policy issued by defendant for employees of A. Baldwin and Company would be terminated, effective July 1, 1981.
On June 19, 1981, the plaintiff was seriously injured in an accident at the Fairmont Hotel in New Orleans. Following this accident, plaintiff requested that defendant convert her group insurance policy to a non-group policy as provided for in the original policy. Although the original policy provided for maximum benefits of one million dollars, the conversion policy only provided maximum benefits of fifty thousand dollars. That policy became effective on July 1, 1981. A subsequent conversion policy was issued replacing the earlier conversion policy and reducing the maximum benefits allowable to twenty thousand dollars. That policy became effective on May 1, 1982.
When the plaintiff presented defendant with claims for payment of medical bills incurred as a result of her June 19, 1981 accident and other medical expenses not related to that accident, the defendant rejected payment of those claims under the terms of the original policy and instead opted to pay benefits provided by the first conversion policy. Because the defendant paid plaintiff benefits in excess of $20,000.00 under the first conversion policy, it did not pay plaintiff any benefits under the second conversion policy because of its position that the liability limits under the second policy were exhausted by the payments under the first policy.
Plaintiff filed suit in June, 1983 seeking a judgment declaring her to be entitled to coverage under the terms of the original policy for her injuries sustained on June 19, 1981. In May, 1985, plaintiff filed a supplemental petition seeking an award of medical expenses under the original group policy and the conversion policies up to the limits of coverage, penalties and attorney's fees.
Subsequently, plaintiff filed a motion for partial summary judgment on the issue of coverage. On June 16, 1986, the trial judge granted plaintiff's motion for partial summary judgment finding that the original group policy covered plaintiff for all *494 medical expenses incurred as a result of the June 19, 1981 accident, not to exceed the lifetime major medical coverage of one million dollars.
During this litigation, plaintiff also filed suit against the Fairmont Hotel for damages arising out of this same accident. The defendant in this case requested that plaintiff execute a form recognizing defendant's rights of subrogation against any third party tortfeasor liable for plaintiff's injuries. Plaintiff's counsel responded to that request in a letter stating that, in his opinion, the original group policy did not provide for subrogation rights. Defendant's counsel did not respond to that letter. Therefore, plaintiff entered into a settlement agreement with the Fairmont Hotel granting a complete release to the hotel and its insurer in exchange for $600,000.00.
After becoming aware of this settlement, the defendant filed a motion for summary judgment alleging that because plaintiff's actions effectively defeated defendant's subrogation rights against the Fairmont Hotel, plaintiff should be barred from recovering from defendant any of the medical expenses relating to the June 19, 1981 accident. The trial judge denied defendant's motion for summary judgment. In October, 1988, the defendant also filed a motion to set aside and annul the partial summary judgment granted to plaintiff on June 16, 1986.
This case came to trial on plaintiff's claim for reimbursement of medical expenses, and for penalties and attorney's fees. Counsel for both parties submitted the matter by joint stipulations and exhibits. The trial judge rendered judgment in favor of plaintiff and against defendant in the amount of $204,840.15 together with attorney's fees to be set by the court at a later date and legal interest from April 8, 1985 until paid. In his reasons for judgment, the trial judge specified that the award of $204,840.15 includes $50,573.07, which represents 80% of the stipulated medical expenses related to the accident and due under the original group policy, $27,706.98, which represents 80% of the stipulated medical expenses unrelated to the accident and due under the second conversion policy, $101,146.14 in penalties equal to double the amount owed to plaintiff under the original policy for unreasonable refusal to pay those benefits to plaintiff and $35,413.96 in penalties equal to double the amount owed to plaintiff under the second conversion policy for unreasonable refusal to pay those benefits to plaintiff. Defendant, Blue Cross of Louisiana, appeals the trial court judgment.
On appeal, the appellant first argues that the trial court erred in granting appellee's motion for partial summary judgment in which appellee was declared to be entitled to coverage under the original group major medical policy for all medical expenses related to the June 19, 1981 accident. Appellee argues that the trial judge correctly held that the 1986 declaratory judgment rendered in response to appellee's motion for partial summary judgment was a final judgment and because appellant did not file a timely appeal of that judgment, it cannot now collaterally attack the merits of that judgment.
LSA-C.C.P. art. 966 states as follows:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although *495 there is a genuine issue as to the amount of damages."
LSA-C.C.P. art. 968 states as follows:
"Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover's right to the relief not granted on motion.
An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment."
LSA-C.C.P. art. 1841 defines a final judgment as one that determines the merits in whole or in part. Clearly, the finding that appellee was entitled to coverage under the original group policy for her injuries related to the June 19, 1981 accident was a determination of certain merits of this controversy. As such, the judgment on appellee's motion for partial summary judgment in which declaratory relief was given was a final, appealable judgment. Because no timely appeal was taken from that judgment, appellant cannot now appeal the issue of coverage.
In appellant's supplemental brief, it points out the recent case of Serpas v. Ridley, 556 So.2d 134 (La.App. 5th Cir. 1990), in which that court held that a summary judgment which simply determines the existence of coverage under an insurance policy is an improper use of summary judgment procedure. In that case, the court annulled and set aside the summary judgment. However, in this case, we need not address the issue of whether or not the granting of the partial summary judgment on the issue of coverage was appropriate because appellant did not file a timely appeal of that judgment.
Appellant also argues that the trial judge erred in denying its motion for summary judgment which sought to bar appellee from recovery of medical expenses under the original group policy for her accident-related injuries because appellee allegedly extinguished appellant's subrogation rights by releasing a third party tortfeasor through a settlement agreement. Again, the issue of coverage was determined in the above-mentioned 1986 declaratory judgment issued in response to appellee's motion for partial summary judgment. Because appellant failed to timely appeal that judgment, it forfeited the right to later challenge appellee's right to coverage under the original policy by way of a subrogation rights[1] defense or any other defense. Therefore, the trial judge did not err in denying appellant's motion for summary judgment.
In another argument, appellant alleges that the trial court erred in holding that the $20,000.00 lifetime benefit of the second conversion policy issued to appellee on May 1, 1982 provided coverage in addition to the $50,000.00 lifetime benefit provided by the first conversion policy issued on July 1, 1981. According to Blue Cross, the lesser limit of the second conversion policy is applicable to appellee and because benefits in excess of $20,000.00 were paid to her when the first conversion policy was in effect, appellee's benefits have been exhausted under the second policy.
As stated in the trial judge's reasons for judgment, appellant's interpretation of the benefits allowable under the two conversion policies was directly contradicted by the testimony of its representative, Jack Groner. Groner specifically stated that the second conversion policy provided for $20,000.00 in coverage as of May 1, 1982 without regard to benefits used under the first conversion policy with the $50,000.00 limit. Clearly, the trial judge correctly determined that the second conversion policy provided benefits over and above those *496 benefits issued under the first conversion policy.
Next, the appellant argues that the trial court erred in awarding penalties to appellee. Appellant also alternatively argues that the penalty awards were computed incorrectly. LSA-R.S. 22:657(A) provides that an insurer's unreasonable refusal to timely pay benefits due under the terms of health and accident policies subjects the insurer to a penalty of twice the amount due under the policy, as well as attorney's fees.
Regarding appellant's claim that an award of penalties in this case was unjustified, the record indicates otherwise. Appellant's ongoing refusal to pay benefits to appellee while accepting premium payments from her was clearly unreasonable. However, appellant is correct in its argument that the penalty award was computed incorrectly.
The law is clear that with respect to penalties owed under LSA-R.S. 22:657, a plaintiff is only entitled to recover twice the benefits due rather than double the amount of the benefits as a penalty in addition to the amount of benefits. Bischoff v. Old Southern Life Insurance Company, 502 So.2d 181 (La.App. 3rd Cir. 1987). Therefore, the penalties awarded to appellee in this case must be reduced from $101,146.14 to $50,753.07 for penalties due under the original policy and must be reduced from $35,413.96 to $17,706.98 for penalties due under the second conversion policy for a total penalty award of $68,280.05.
Finally, the appellant argues that the trial judge erred in awarding appellee attorney's fees. Although the record does not indicate that the trial judge has fixed an amount to be awarded in attorney's fees as of this date, an award of attorney's fees is clearly justified under LSA-R.S. 22:657 for the same reason assigned above for the justification of an award in penalties. However, because no amount for attorney's fees has been set by the trial judge, the right to appeal the amount of that award is reserved to appellant.
For these reasons, the trial court judgment is amended to reduce the amount awarded to appellee in penalties from $136,560.10 to $68,280.05. In all other respects, the trial court judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] The trial judge considered the merits of appellant's motion for summary judgment and in denying the motion, he noted that "the failure of the employer to provide Ms. Fulton with a `benefits booklet' that included the subrogation provision contained in the `master' policy delivered to the employer is attributable to Blue Cross." See Neider v. Continental Assurance Company, 213 La. 621, 35 So.2d 237 (1948).