# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41111

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

JOHN B. JACUZZI, SR.; MARGARITA JACUZZI; JOHN B. JACUZZI, JR.; PATRICIA JACUZZI; JAMES JACUZZI,

Plaintiffs–Appellants

versus

ENRIQUE PIMIENTA,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

The plaintiffs, members of the Jacuzzi family, launched a collateral attack on a related bankruptcy proceeding in federal district court under the Declaratory Judgment Act ("DJA"), claiming that they were never properly served before the bankruptcy court entered judgment against them and held

No. 13-41111

them in contempt. The district court initially granted them a summary judgment, holding the bankruptcy proceedings were void. It afterward *sua sponte* asked the parties to brief subject-matter jurisdiction, then dismissed the case for want of federal-question or diversity jurisdiction. Because there is in fact federal-question jurisdiction, we reverse and remand.

The Jacuzzis and defendant Enrique Pimienta are members of wealthy Mexican families with ties to the United States. The underlying bankruptcy dispute is ugly but mostly irrelevant. We are concerned with the Jacuzzis' collateral attack on the bankruptcy proceedings in which Pimienta was the debtor. The Jacuzzis claim they were never properly served before the bankruptcy court held them in contempt, entered judgment against them, and allowed Pimienta to proceed with execution on their real property. Pimienta asks this court to rule that the bankruptcy court had personal jurisdiction over the Jacuzzis and that its orders were lawful. But that is not at issue here. Instead, the question is whether the district court had subject-matter jurisdiction to hear the collateral challenge to the bankruptcy court's exercise of personal jurisdiction.

The district court found no federal-question jurisdiction because (1) the DJA does not provide an independent ground for jurisdiction, and (2) it believed that the Jacuzzis' claim would not meet the well-pleaded-complaint rule in a hypothetical enforcement action filed by Pimienta. The court explained that a proceeding in aid of a judgment or execution must follow state procedural law, *see* FED. R. CIV. P. 69(a)(1), so no federal question is necessarily raised. It is true, as the Jacuzzis acknowledge, that a plaintiff cannot bring a declaratory judgment action that merely raises federal issues that would be defenses to an underlying state cause of action; that would subvert the well-pleaded complaint rule. *See, e.g.*, *New Orleans & Gulf Coast Ry. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008).

2

No. 13-41111

But *any* judgment may be collaterally attacked if it is void for lack of jurisdiction. "A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). The other court's determination of personal jurisdiction is res judicata only if the defendant submitted to jurisdiction for the limited purpose of challenging jurisdiction and the issue was fully and fairly litigated. *Id.*

On what grounds that collateral attack is made determines whether there is federal-question jurisdiction. Federal courts have federal-question jurisdiction to entertain collateral attacks on military tribunals—which, like bankruptcy courts, are Article I courts—for lack of jurisdiction. *Schlesinger v. Councilman*, 420 U.S. 738, 747–48 (1975). In *Rhoades v. Penfold*, 694 F.2d 1043, 1047 (5th Cir. 1983), this court held that federal district courts have federal-question jurisdiction over a collateral attack on a state-court judgment based on the deprivation of the constitutional right to counsel. This court also entertains collateral challenges to a district court's exercise of personal jurisdiction and to lack of service. *See Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987).

Although *Schlesinger* was an action for preliminary injunction, *Rhoades* was a collateral attack under 42 U.S.C. § 1983, and *Broadcast Music* was a collateral attack under Federal Rule of Civil Procedure 60(b); there is no principled reason why the DJA would be any different as a matter of federal-question jurisdiction. So long as the *basis* for the preliminary injunction or declaratory judgment is federal law, there is federal-question jurisdiction. That conclusion is required by Supreme Court law on the DJA:

> Jurisdiction . . . was not altered by the [DJA]. Prior to that Act, a federal court would entertain a suit on a contract only if the plaintiff

3

asked for an immediately enforceable remedy like money damages or an injunction, but such relief could only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provided foundation for resort to the federal courts. The [DJA] allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). In other words, if federal courts have jurisdiction to entertain collateral attacks for preliminary injunctions on the basis of lack of jurisdiction, then the DJA did nothing to change that jurisdictional analysis.

Other circuits reach the same conclusion. The Fourth Circuit addressed almost this exact situation: It heard, under the DJA, a collateral attack, based on lack of notice, on an outside bankruptcy court's proceedings, stating, "A challenge for error may be directed to the ordering court or a higher court, as rules provide, but it may not be made collaterally unless it is based on the original court's lack of jurisdiction." *Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255 (4th Cir. 1997). That court proceeded to find no defect in notice.

Here the declaratory judgment action raises federal questions. The Jacuzzis claim that the bankruptcy court's judgment is void because of lack of service, and thus the court did not have personal jurisdiction over them and violated their due-process rights. Whether a federal court violated an individual's federal due-process rights is a federal constitutional question. Whether the bankruptcy court, which is a federal court, had jurisdiction is also a federal question. Whether the federal rules for services of process were met is a federal question.

No state-law questions are presented. The district court erred by looking to the rule for proceedings in aid of executing a judgment in an imaginary enforcement action brought by Pimienta. There were no proceedings left to be had. Pimienta secured the judgment of the bankruptcy court and was already

No. 13-41111

attempting to have the U.S. Marshals execute the judgment on the Jacuzzis' properties.

Because one ground for subject-matter jurisdiction is sufficient, we do not address diversity jurisdiction. The judgment of dismissal for want of subject-matter jurisdiction is REVERSED, and the case is REMANDED for further proceedings as needed. We express no view on what actions that court should take on remand.