## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-659

**BIOSONIX, LLC**

**VERSUS**

**MARCIA OLSON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248,071
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Andrew P. Texada**
**Stafford, Stewart & Potter**
**Post Office Box 1711**
**Alexandria, Louisiana 71309**
**(318) 487-4910**
**Counsel for Plaintiff/Appellant:**
        **Biosonix, LLC**

**James L. Maughan**
**The Maughan Law Firm, L.L.C.**
**634 Connell's Park Lane**
**Baton Rouge, Louisiana  70806**
**(225) 926-8533**
**Counsel for Plaintiff/Appellant:**
         **Biosonix, LLC**

**William Alan Pesnell**
**The Pesnell Law Firm, APLC**
**Post Office Box 1794**
**Shreveport, Louisiana  71166-1794**
**(318) 226-5577**
**Counsel for Defendant/Appellee:**
         **Marcia Olson**

**KEATY, Judge.**

This matter concerns several attempts by the plaintiff to make a Texas judgment executory in Louisiana. After a hearing, the trial court granted the defendant's motion to deny full faith and credit to the Texas judgment and ordered that it be stricken from the public records of Rapides Parish, Louisiana. The plaintiff appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

The plaintiff, Biosonix, LLC (BSX), is a Delaware limited liability company in the business of developing, distributing, and selling fishing products that is wholly owned by William H. Lewis (Lewis), the brother of Marcia Olson (Olson), the named defendant in this matter. In August of 2012, BSX filed suit in the Ninety-Fifth Judicial District Court in Dallas County, Texas, against Olson and seven other defendants, seeking damages for various torts and contract violations allegedly committed against it. In a Final Default Judgment rendered on May 27, 2013, the Texas court entered a judgment in favor of BSX and against Olson in the total amount of $5,183,260.68 (hereafter referred to as "the Texas judgment"). On August 5, 2013, BSX filed an Ex Parte Petition in the Ninth Judicial District Court in Rapides Parish, Louisiana (the trial court), seeking to have the Texas judgment made executory in this state pursuant to the Enforcement of Foreign Judgments Act.[2] By order dated August 13, 2013, the trial court made the Texas judgment executory "in accordance with Louisiana law."

Olson filed a dilatory exception of lack of procedural capacity, seeking to have BSX's Louisiana suit against her dismissed based upon her assertion that,

_____

[1] We have omitted some of the procedural history of this matter which we deem unnecessary to resolution of the instant appeal.

[2] *See* La.R.S. 13:4241-4248.

because BSX was a Delaware corporation doing business in Louisiana but was not authorized to do business in this state, it was prohibited from filing any pleadings in this state. In addition, Olson filed an answer and opposition to the ex parte petition wherein she claimed that the Texas judgment against her was null and void because Texas did not have personal jurisdiction over her. Olson's answer contained affirmative defenses and a reconventional demand wherein she alleged that the Texas judgment was "violative of the Louisiana constitution and due process of law" and that it was not entitled to full faith and credit because the issue of the Texas court's lack of personal jurisdiction over her was not litigated in the Texas action. More specifically, Olson submitted that the allegations made by BSX in the Texas litigation were false and defamatory and that she lacked sufficient minimum contacts with the state of Texas such as to render her subject to personal jurisdiction there. Following a hearing, the trial court granted Olson's exception of lack of procedural capacity. By judgment dated November 18, 2013, the trial court declared the August 13, 2013 order making the Texas judgment executory in Louisiana null and void on the basis that BSX was not properly registered to do business in this state and, thus, "did not have authority to file a demand in this Court." As a result, the trial court vacated the judgment and ordered the Rapides Parish Clerk of Court to cancel the judgment from the parish's mortgage records.

Meanwhile, Olson had filed a Petition to Annul the Texas judgment in the trial court on November 8, 2013,[3] on the basis that it was obtained by fraud and ill

---

[3] Counsel for BSX was hospitalized from November 7, 2013, until the end of May 2014; in fact, he was in a coma for the first two months of his hospitalization. In her brief to this court, Olson explained that she "did not default BSX [with regard to her Petition to Annul] specifically because of the medical problems of opposing counsel."

2

practices and in a court that had no personal jurisdiction over her. She asserted therein that she neither did business, owned property, paid taxes in Texas, nor had she taken any personal actions there so as to subject her to the personal jurisdiction of that state. While Olson acknowledged therein that the August 13 order making the Texas judgment executory in Louisiana had been annulled, she sought to have the underlying Texas judgment annulled to prevent BSX from ever being able to make it executory in this state. In an Amended Petition to Annul Judgment, Olson sought a judgment annulling the Texas judgment and declaring it to have "no force and effect, and denying full faith and credit to the Texas judgment."

In early April 2014, BSX filed a second Ex Parte Petition seeking to have the Texas judgment made executory in Louisiana. Pursuant to an order dated April 3, 2014, the trial court again made the Texas judgment executory in Louisiana. Olson filed a motion for new trial and for a stay of the proceedings on April 21, 2014, on the basis that BSX was still not authorized to do business in this state.

Olson filed a second motion for new trial and for a stay of the proceedings in July 2014 on the basis that BSX was still not authorized to do business in this state. In an answer to Olson's petition to annul the Texas judgment, BSX asserted that it was not required to qualify to do business in Louisiana in order to make the Texas judgment executory in this state. Olson also filed a motion to stay enforcement of the Texas judgment that BSX was again seeking to make executory in Louisiana.

After conducting hearings on August 18, 2014, and October 1, 2014, the trial court signed a Final Judgment[4] on March 3, 2015, granting Olson's motion to deny full faith and credit to the Texas judgment, cancelling the Texas judgment, and

---

[4] The Final Judgment referenced Reasons for Ruling dated October 29, 2014. According to those reasons, the trial court granted Olson's request to treat her original and amended Petitions to Annul as a motion to deny full faith and credit to the Texas judgment.

ordering the Rapides Parish Clerk of Court erase the judgment from the public records of Rapides Parish.[5]

BSX appeals, assigning the following errors:[6]

1. The Trial Court Exceeded its Authority by Vacating and Declaring the First Judgment of The Domestication[7] Null And Void.

2. BSX Was Not Required to Obtain a Certificate of Authority Prior to Bring[ing] Domestication Proceedings.

3. The Second Judgment Vacating the Order of Domestication Could Not be Rendered by The Court In A Summary Proceeding.

4. Louisiana was Precluded From Re-Litigating Whether Olson Was Subject to In Personam Jurisdiction of The Texas Court.

5. Olson Failed to Carry Her Burden of Proving That She Was Not Subject to In Personam Jurisdiction By The Texas Court.

## DISCUSSION

Louisiana Code of Civil Procedure Article 2541(A) provides:

> A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.

In this case, BSX attempted to make the Texas judgment executory pursuant to the Enforcement of Foreign Judgments Act (EFJA) as authorized in La.R.S. 13:4241-4248. Olson responded by filing a dilatory exception of lack of procedural capacity, arguing that BSX needed to qualify to do business in

---

[5] As a matter of housekeeping, we note that the March 3, 2015 appealed judgment was signed by Judge Monique Freeman Rauls who was elected to the Ninth Judicial District Court on December 6, 2014, and took office on January 1, 2015, while the October 29, 2014 Reasons for Ruling referenced in the judgment were signed by Judge Mary Lauve Doggett.

[6] For ease of discussion, we have renumbered several of BSX's assignments of error. We note that items three through five of BSX's assignment of errors do not allege errors but rather are in the nature of questions or issues presented for review.

[7] The process of making a foreign judgment executory in another state is commonly referred to as "domesticating" a judgment.

4

Louisiana before filing suit to make the Texas judgment executory in this state.[8] Later, by way of an original and amended Petition to Annul Judgment, Olson sought to deny full faith and credit to the Texas judgment on the grounds that the Texas court had no personal jurisdiction over her.

## Did The Trial Court Exceed Its Authority By Vacating The August 13, 2013 Order Making The Texas Judgment Executory In Louisiana?

In its first assignment of error, BSX contends that the trial court exceeded its authority by vacating and declaring the August 13, 2013 order making the Texas judgment executory in Louisiana null and void. Olson counters that because BSX did not appeal nor seek writs from the November 18, 2013 judgment declaring the August 13, 2013 order null and void, that judgment became final and may not now be challenged on appeal.

The November 18, 2013 judgment vacating the earlier order making the Texas judgment executory and declaring that BSX did not have authority to file a demand in this state was a final judgment. *See* La.Code Civ.P. art. 1841. Therefore, because BSX failed to timely appeal that judgment, it is precluded from challenging the merits of that judgment. *See Fulton v. Blue Cross of La.*, 563 So.2d 492 (La.App. 4 Cir.), *writs denied*, 567 So.2d 1129 (La.1990). Thus, we need not address the substance of BSX's first assignment of error.

---

[8] While Olson cited La.R.S. 12:314 as the basis for her exception, the trial court noted in its November 18, 2013 judgment that Olson should have instead referenced La.R.S. 12:1354. We agree and observe that while both statutes are titled "Transacting business without authority," Section 1354 refers to limited liability companies while Section 314 concerns foreign corporation law. Louisiana Revised Statutes 12:1354, provides, in pertinent part:

> A. No foreign limited liability company transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by and as provided in, this Chapter. The burden of proof shall rest upon the limited liability company to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the secretary of state or a duly authenticated copy thereof.

## Was BSX Required To Obtain A Certificate of Authority Before Petitioning To Make The Texas Judgment Executory Pursuant To The EFJA?

In the November 18, 2013 judgment declaring the August 13, 2013 order null and void, the trial court expressly found that because "Biosonix, LLC was not properly registered to do business in this state," it "did not have authority to file a demand in this Court." Again, because BSX failed to timely appeal that judgment, it is precluded from challenging that issue. *See Fulton*, 563 So.2d 492. Thus, we need not address the substance of BSX's second assigned error.

## Could The Trial Court Vacate The Second Order Of Domestication In A Summary Proceeding?

In its third assignment of error, citing *Veillon v. Veillon*, 517 So.2d 936 (La.App. 3 Cir.), *writ denied,* 519 So.2d 105 (La.1987), BSX contends that the trial court could not render judgment on Olson's Petition to Annul by way of a summary proceeding. In opposition, Olson submits that the trial court acted within its authority when it converted her Petition to Annul to a motion to deny full faith and credit.

In *Holiday Hospitality Franchising, Inc. v. Grant*, 36,035 (La.App. 2 Cir. 5/8/02), 817 So.2d 449, a default judgment was entered in favor of the plaintiff and against the defendants in Georgia. After the plaintiff made the Georgia judgment executory in Louisiana pursuant to the EFJA, the defendants filed a petition for nullity of the Louisiana judgment, alleging that because the Georgia court lacked subject matter jurisdiction and because they did not receive proper notice of the proceedings in Georgia, the foreign judgment was not entitled to full faith and credit in this state. The defendants also sought to have the Louisiana court declare the Georgia judgment null and void. Thereafter, the plaintiff filed a motion to strike the defendants' petition for nullity. After a hearing, the trial court granted

the plaintiff's motion to strike, and the defendants appealed. Upon review, the

court of appeal, citing *McKisson v. McKisson*, 179 La. 593, 154 So. 618 (1934),

affirmed the part of the judgment denying the plaintiff's request to nullify a

judgment of another state. However, the appellate court found that the trial court

erred in granting the motion to strike that portion of the defendants' petition for

nullity wherein they alleged that the Georgia court lacked subject matter and

personal jurisdiction, holding:

> [T]he Louisiana trial court was obligated to consider and rule upon
> whether the Georgia judgment was entitled to full faith and credit. La.
> R.S. 13:4241. Only upon proper inquiry concerning these questions
> of jurisdiction, evincing that these issues were fully and fairly litigated
> in the original court, should a Louisiana court afford full faith and
> credit to the Georgia judgment. *See, Schultz v. Doyle*, [00-926 (La.
> 1/17/10), 776 So.2d 1158]. Upon review of the foreign default
> judgment, and the record in its entirety, it appears that the
> jurisdictional question was never raised in Georgia. The district court
> should have treated the Grants' petition as a contradictory motion, to
> which they are entitled under La. R.S. 13:4244, insofar as it raised
> justiciable issues. Liberal rules of pleadings prevail and each pleading
> should be so construed as to do substantial justice and, when it can
> reasonably do so, a court should maintain a petition so as to afford a
> litigant an opportunity to present his evidence. La. C.C.P. art. 865;
> *See also, Williams v. State*, 34,691 (La.App. 2 Cir. 5/9/01), 786 So.2d
> 927. The Grants were entitled to more than merely a hearing on
> Holiday's motion to strike.
>
> Moreover, the record is devoid of any allegations of insufficient
> demand or defense; nor were there any redundant, immaterial,
> impertinent, or scandalous matter before the trial court. Rather,
> cognizable questions of law and/or fact indeed existed in the present
> suit with regard to questions of jurisdiction. *See, Hazelwood Farm,
> Inc. v. Liberty Oil and Gas Corp.*, [01-345 (La.App. 3 Cir. 6/20/01),
> 790 So.2d 93, *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 834].
> Therefore, we find the trial court erred in its use of the motion to
> strike this aspect of the petition for nullity.

*Holiday*, 817 So.2d at 453. BSX failed to distinguish *Holiday*, and we see no

reason not to extend its rationale to the matter at hand, especially given the

similarities between the two cases. Accordingly, we conclude that the trial court

did not err in converting Olson's Petition to Annul to a motion to deny full faith and credit and in granting the same in a summary proceeding and after not one, but two, contradictory hearings. BSX's third assignment of error has no merit.

**Was The Trial Court Precluded From Re-Litigating Whether Olson Was Subject To In Personam Jurisdiction Of The Texas Court?**

In its fourth assignment of error, citing "*Didier v. Didier*, 255 La. 806, 233 So.2d 248 (1970)," BSX asserts in brief that "[a] Louisiana court must give full faith and credit to a judgment of a sister state if the decree is unassailable in the courts of the state which rendered it; if the decree cannot be attacked collaterally in the initial court, it cannot be attacked in a Louisiana court." BSX further submits that settled Texas law provides that "where a judgment is collaterally attacked, plain jurisdiction recitals contained therein must be accorded absolute verity." *Pure Oil Co. v. Reece*, 78 S.W.2d 932, 934 (Tex. Comm'n App. 1935, judgm't adopted).

As Olson points out, the correct citation to the aforementioned quote in *Didier* should have been to the court of appeal decision rather than to the writ refusal by the supreme court. *See Didier v. Didier*, 230 So.2d 436 (La.App. 1 Cir. 1969), *writ refused*,[9] 255 La. 806, 233 So.2d 248 (1970). Further, Olson asserts that *Didier* is distinguishable because the Louisiana appellate court found that the parties to that case had actually appeared in the Arkansas court to contest that court's jurisdiction. Moreover, Olson submits that Texas' rule of absolute verity must not be allowed to trump her liberty interests and the federal rules regarding in personam jurisdiction dictated by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945) and its progeny.

---

[9] The supreme court opinion states "Writ refused. On the facts found by the Court of Appeal, there is no error of law in its judgment."

In *Didier*, the court of appeal affirmed the trial court's recognition of the Arkansas divorce decree based on its finding that "[r]ightly or wrongly, [the Arkansas] court decided that it did have jurisdiction, i.e., that appellee fulfilled the residency requirements" and because the appellant therein did "not allege any facts which would show that she would be entitled to attack the Arkansas judgment in the Arkansas court[,] Louisiana is bound to give full faith and credit to the Arkansas decree." *Didier*, 230 So.2d at 440.

In the instant case, BSX asserts that the Texas court found that it had jurisdiction over the subject matter of the proceeding and over Olson based on the affidavits of William H. Lewis and Ken Ellis that it submitted in conjunction with the Final Default Judgment rendered against Olson in Texas. Given the issues raised in Olson's Petition to Annul, i.e., that the Texas judgment was obtained by fraud and ill practices and in a court that had no personal jurisdiction over her, which we have found could be converted to a motion to deny full faith and credit and heard summarily, we find no error in the trial court's decision to entertain whether Olson was subject to in personam jurisdiction of the Texas court. Moreover, "*any* judgment may be collaterally attacked if it is void for lack of jurisdiction. A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Jacuzzi v. Pimienta*, 762 F.3d 419, 420 (5th Cir. 2014) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099 (1982)). BSX's fourth assignment of error lacks merit.

**Did Olson Prove That The Texas Court Lacked Jurisdiction Over Her?**

In its final assignment of error, BSX asserts that Olson failed to carry her burden of proving that she was not subject to in personam jurisdiction by the Texas

court. More particularly, BSX contends that Olson's "self-serving" testimony did not prove that the Texas court lacked in personam jurisdiction over her. Olson counters that the testimony she offered demonstrated that she lacked minimum contacts with the State of Texas and that BSX failed to rebut her evidence.

> "An appellate court conducts a *de novo* review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. However, the trial court's factual findings underlying the decision are reviewed under the manifest-error standard of review." *Peters v. Alpharetta Spa, L.L.C.*, 04-979, pp. 3-4 (La.App. 1 Cir. 5/6/05), 915 So.2d 908, 910 (citations omitted).

*Dumachest v. Allen*, 06-1614, p. 3 (La.App. 3 Cir. 5/23/07), 957 So.2d 374, 377, *writ denied*, 07-1306 (La. 10/5/07), 964 So.2d 939.

In *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356-57 (Tex. 1990), the Supreme Court of Texas stated:

> A Texas court may exercise jurisdiction over a nonresident if two conditions are met. First, the Texas long-arm statute must authorize the exercise of jurisdiction. Second, the exercise of jurisdiction must be consistent with federal and state constitutional guarantees of due process. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.041–§ 17.069 (Vernon 1986).

> Our long-arm statute authorizes the exercise of jurisdiction over those who do business in Texas. *Id.* at § 17.042. The statute lists particular acts that constitute "doing business." The statute provides, however, that "other acts" of the nonresident may place him within the "doing business" requirement. *Id.; see generally Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662 (Tex.1987), *cert. denied* 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 986 (1988) . . . .

> . . . This court has decided that the broad language of the long-arm statute's doing business requirement allows the statute to reach as far as the federal constitution permits.

We must now examine the evidence presented by Olson to determine whether the trial court correctly found that the Texas court lacked jurisdiction over her. According to the language of the March 3, 2015 appealed judgment, the trial

court granted Olson's motion to deny full faith and credit to the Texas judgment after conducting hearings on August 18, 2014, and October 1, 2014.

At the start of the August 18, 2014 hearing, counsel for BSX stated in open court that his client was registered to do business in the State of Louisiana as of February 28, 2014. Thereafter, in response to the trial court's inquiry as to whether Olson would rather dismiss her pending motion for new trial or have the trial court deny it, counsel for Olson elected to withdraw it.[10] The trial court then stated that it was converting Olson's Petition to Annul, which was an ordinary proceeding, to a motion to deny full faith and credit, to be heard that day, but that it would also grant BSX's request that it be given time to conduct additional discovery.

We now quote the October 29, 2014 Reasons for Ruling referenced in the appealed judgment, which we conclude provide an accurate description of the evidence adduced at the August 18, and October 1, 2014 hearings:

**Procedural History:**

This matter involves a domestication of a Texas judgment "judgment". Biosonix requested the judgment be domesticated, and Olson ("Olson") filed a petition to annul the judgment. That petition was ultimately amended to request the Court deny full faith and credit to the judgment. The court granted Olson's request to treat her petition as a motion to deny full faith and credit. The matter came on [sic] for hearing on August 18, 2014. Olson called several witnesses and introduced exhibits in her case. After mover rested, Biosonix requested a continuance to allow for additional discovery and obtain subpoenas for witnesses before presenting its case. The unopposed request was granted and a new hearing date was set for October 1, 2014. Both parties appeared on October 1, 2014. No additional witnesses or evidence was presented and the parties agreed to file post trial memorandum.

---

[10] We note that the record on appeal contains a transcript from a February 2, 2015 hearing wherein the trial court ruled that counsel for BSX made a misrepresentation at the August 18, 2014 hearing when he stated in open court that his client was registered to do business in Louisiana after Olson presented evidence from the Secretary of State indicating that BSX's application to do business in this state was rejected as unsatisfactory.

**Facts:**

At the hearing on this matter, Olson submitted into evidence the Texas judgment and various pleadings in two separate Texas lawsuits, Articles of Organization of NOSLO, LLC and the Utah Secretary of State's certificate of existence/good standing.

As set forth in this court's reasons for judgment on Olson's petition for preliminary injunction, (submitted herein on October 13, 2014), the following facts were established at the hearing:[11]

o MARCIA LEWIS OLSON, OLSON, is a resident of the state of Louisiana and is domiciled in Rapides Parish.

o NORM OLSON is a resident of the state of Louisiana and is domiciled in Rapides Parish.

o Movers do not own immovable property in the state of Texas.

o Movers do not own personal property in the state of Texas.

o Movers have never conducted business in the state of Texas.

o OLSON owns 42% of Sports Design and Development, "SSD"

o OLSON has never conducted business in Texas on behalf of SSD.

o OLSON never conspired with anyone in Texas to take any action regarding Biosonix.

o BIOSONIX is owned by William H. Lewis.

o OLSON has no ownership interest in Biosonix

o OLSON has never worked for Biosonix

o BIOSONIX'S Texas judgments have resulted in judicial mortgage in excess of FIVE MILLION ($5,000,000.00) DOLLARS against OLSON'S property in Louisiana

o Since the rendering of BIOSONIX'S Texas judgment, [OLSON] has been persistently involved in legal proceedings in this Court to prohibit the domestication and enforcement of BIOSONIX'S Texas judgment in Louisiana at great pecuniary and temporal costs.

---

[11] Some of these facts were stipulated to by the parties at the August 18, 2014 hearing.

According to the October 29, 2014 Reasons for Ruling referenced in the appealed judgment, the trial court made the following factual conclusions:

> Thus testimony of witnesses established that neither Marcia Olson, Norman Olson nor NOSLO ever did any business in the State of Texas, owned any property in the State of Texas, or had any substantial contacts with Texas whatsoever. The only contact Mr. and Mrs. Olson had with the State of Texas were occasional social visits with Olson's relative in Texas that occurred once a year or once every two years. The testimony further established that Olson was not an officer or director of Sports Design and Development, Inc. at any time during the period of time alleged in the initial Texas proceeding.

The October 29, 2014 Reasons for Ruling then set out the framework employed by the trial court in ruling on Olson's motion to deny full faith and credit to the Texas judgment, which we adopt by reference:

### Legal Analysis:

> The issue before the court is whether or not the state of Texas had personal jurisdiction of the defendant movers when it issued the judgment in question. Considering the facts herein, the court finds insufficient evidence to establish the requisite minimum contacts with Texas to support jurisdiction. Thus, the motion to deny full faith and credit of the Texas judgment is granted.

> The filing of and maintenance of the suits in the State of Texas violate constitutional due process of the States of Texas and Louisiana. Those suits further violate the due process concerns expressed in the United States Constitution. The long-arm statute of the State of Texas operates to the maximum effect of the limits of federal due process. **Schlobohm vs. Schapiro**, 784 S.W. 2d 355, [] (Tex. 1990); **Helicopteros Nacionales de Colombia, S.A. vs. Hall**, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In Texas, the personal jurisdiction inquiry is the due process analysis. **Fielding vs. Hubert Burda Media, Inc.**, 415 F.3d 419 (5th Cir. 2005).

> Under a minimum contacts due process analysis, a person must have sufficient contacts with the forum state such that the maintenance of suit against that person does not offend traditional notions of fair play and substantial justice. **International Shoe vs. Washington**, 326 U.S. 310, [], 66 S. Ct. 154, [], 90 L.Ed. 95 (1945). The test for due process has two parts - a requirement of minimum contacts with the forum state, and a fundamental fairness evaluation, even if those contacts are present. See **Burger King Corp. vs. Rudzewicz**, 471 U.S. 462, [], 105 S.Ct. 2174, [], 85 L.Ed.2d 528

(1985); **International Shoe**, supra. A court may exercise personal jurisdiction if either (1) the defendant has purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities in that forum state, or (2) the controversy arises out of the defendant's contacts with the forum state. **Freud[en]sprung vs. Offshore Tech. Servs. Inc.**, 379 F.3d 327 (5th Cir. 2004).

Insofar as specific jurisdiction is concerned, the action filed in Texas does not arise out of Olson's only contact with Texas - a visit every now and then to a relative. Here, like in **Vosko vs. Chase Manhattan Bank, N.A.**, 909 S.W.2d 95 ([Tex. App.] 1995), Plaintiff has not alleged that Olson performed any specific act in Texas. The only allegations of the petition are conclusory statements that Olson "did business in Texas" or "managed" a business that had sales in Texas or that Olson engaged in a "conspiracy." There is no allegation of any act taken by Olson in furtherance of that "conspiracy."

Finally, the October 29, 2014 Reasons for Ruling provide:

Accordingly, this Court denies full faith and credit to the Texas judgment and orders it cancelled from the mortgage records of Rapides Parish, Louisiana.

After having read the transcript from and the exhibits filed in conjunction with the August 14, 2014 hearing, we find no manifest error in the trial court's factual finding that Olson maintained no contacts with the State of Texas so as to permit that court to have general or specific jurisdiction over her, especially in light of the fact that BSX failed to present any evidence or testimony in opposition to that presented by Olson. Likewise, after having performed a de novo review of the record, we conclude that Olson's contacts with Texas were insufficient to allow the Texas court to exercise personal jurisdiction over her. Accordingly, we find no merit to BSX's claim that Olson failed to carry her burden of proving that she was not subject to in personam jurisdiction by the Texas court. BSX's final assignment is meritless.

**DECREE**

For the foregoing reasons, the trial court judgment granting Marcia Olson's motion to deny full faith and credit to the Texas judgment and its order that the Texas judgment be stricken from the public records of Rapides Parish, Louisiana, is affirmed. All costs of this appeal are assessed against Biosonix, LLC.

**AFFIRMED.**